23278. PRESBYTERIAN CENTER, INC. v. HENSON et al.

ARGUED DECEMBER 15, 1965—DECIDED JANUARY 18, 1966—
REHEARING DENIED FEBRUARY 2, 1966.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Welborn B. Cody, Emmett J. Bondurant,* for appellant.

*J. C. Murphy, E. Harold Sheats, Charles M. Lokey,* for appellees.

GRICE, Justice. Whether the institution involved here is one of purely public charity and therefore exempt from ad valorem taxation under *Code Ann.* § 92-201 is the issue for determination.

This issue arises from a petition filed in the Superior Court of Fulton County by Presbyterian Center, Incorporated, against Charles A. Henson, Jr., as chairman, and two others, as members of the Joint City-County Board of Tax Assessors, Jack L. Camp, as Tax Commissioner of Fulton County, and Charles L. Matthews, as Municipal Revenue Collector and ex-officio marshal of the City of Atlanta. The petition was in two counts.

The allegations of count 1, which is here involved, are essentially those which follow.

The plaintiff is a non-profit corporation, without stock and governed by a board of trustees. No part of its property or income from its operations inures to the benefit of any private person. It is operated exclusively for religious purposes and as an institution of purely public charity for the benefit of the Presbyterian Church in the United States in furtherance of its work in the sixteen southeastern states.

The plaintiff owns and maintains, for the exclusive use and benefit of the Presbyterian Church in the United States, certain described real property located within the City of Atlanta and Fulton County. The headquarters for the Presbyterian Church in the United States for the sixteen southeastern states is located here, and functions, except for two agencies situated elsewhere, by and through nine described agencies housed in this property. Also located here are the headquarters of The Synod of Georgia and the Atlanta Presbytery, besides the office of Presbyterian Center, Incorporated. The plaintiff holds title to this property in trust for these agencies and offices, each of which has a representative on its board of trustees. It has no income except that which comes from these agencies and offices as their proportionate part of maintenance and operation expense of the property, such as insurance, repairs, utilities, and janitorial service.

The property is exempt from taxation under a designated provision of the Georgia Constitution (Art. VII, Sec. I, Par. IV; *Code Ann.* § 2-5404) and the Acts of the General Assembly pursuant thereto (Ga. L. 1946, p. 12, as amended; *Code Ann.* § 92-201), providing in material part: "The following described property shall be exempt from taxation, to wit . . . all institutions of purely public charity . . ."

Notwithstanding such exemption the defendants assessed this property for ad valorem taxes for 1964 and caused described fi. fas. to be issued. The defendants have threatened to levy them against such property and unless restrained will sell it in satisfaction thereof, to the plaintiff's irreparable injury.

The assessments are in contravention of the Constitutional provision and statutes above referred to and are illegal and void. The plaintiff has no adequate remedy at law, and equity should intervene to avoid a multiplicity of suits.

The prayers included that the court declare the assessments and all executions issued thereunder illegal and void; that the defendants be temporarily and permanently enjoined from levy, advertisment and sale of the property; that executions by the city and county for 1964 be canceled; and for general relief.

To the petition the defendants interposed demurrers and an

answer which put the plaintiff upon proof of its material allegations.

Thereafter, each side made a motion for summary judgment, but only the plaintiff submitted affidavits.

The trial court denied the plaintiff's motion and granted the defendants', holding that the property was subject to taxation.

The judgment was, in our view, correct.

The statute providing for the exemption claimed here follows the language of the Constitution (Art. VII, Sec. I, Par. IV; *Code Ann.* § 2-5404), providing in terms essential here, as follows:

"The following described property shall be exempt from taxation, to wit: . . . places of religious worship or burial, and all property owned by religious groups used only for single family residences and from which no income is derived; all institutions of purely public charity . . . all intangible personal property owned by or irrevocably held in trust for the exclusive benefit of religious, educational and charitable institutions . . . Provided the property so exempted be not used for the purpose of private or corporate profit and income, distributable to shareholders in corporations owning such property or to other owners of such property, and any income from such property is used exclusively for religious, educational and charitable purposes, or for either one or more of such purposes and for the purpose of maintaining and operating such institutions; this exemption shall not apply to real estate or buildings other than those used for the operation of such institutions and which is rented, leased or otherwise used for the primary purpose of securing an income thereon . . ." Ga. L. 1946, p. 12, as amended; *Code Ann.* § 92-201.

The plaintiff, although it is a religious institution, relies on the exemption of "institutions of purely public charity," rather than upon those relating to property owned by religious groups. It urges that religious purposes are charitable purposes, that its property is thus used solely for charitable purposes, that no part of its property or income inures to the benefit of any private person, and, therefore, that it is entitled to exemption as an institution of "purely public charity."

Although religious institutions are, for some purposes, considered to be matters of charity, they are not necessarily considered such for all purposes. Even the word "charity" itself is given a narrower meaning in tax exemption cases. See *United Hospitals Assn. v. Fulton County*, 216 Ga. 30, 33 (114 SE2d 524).

In order to determine whether religious institutions are charitable institutions for the purpose of exemption from taxation under the Constitution (Art. VII, Sec. I, Par. IV, supra) and the statute pursuant thereto (Ga. L. 1946, p. 12, as amended, supra) we must examine the exemption language in the light of applicable rules of construction.

First, we consider the intention of the drafters of the Constitution. The Proceedings of the Constitutional Commission of 1945 give no indication of their intent as to this. However, since the exemption provision, supra, exempts certain specified property owned by religious groups, and then broadly exempts "all institutions of purely public charity," it appears that it was not intended that religious groups or institutions be considered charitable institutions for the purpose of this exemption.

Application of the construction maxim that the enumeration of particular things excludes something not mentioned (*Expressio unius est exclusio alterius*) leads to the same conclusion, as does the rule that all exemptions from taxation must be strictly construed in favor of the taxing authorities and against the taxpayer.

Furthermore, in *Church of God of the Union Assembly, Inc. v. City of Dalton*, 216 Ga. 659 (119 SE2d 11), this court passed upon claims for exemption of certain church owned property under this provision and held: "The property belonging to a religious institution which is exempt from taxation is described [in *Code Ann.* § 92-201] as follows: '*Places of religious worship or burial*, and all property owned by religious groups used only for *single family residences* and from which no income is derived . . . *all intangible property* owned by or irrevocably held in trust for the exclusive benefit of religious . . . institutions, no part of the net profit from the operation of which can enure [sic] to the benefit of any private person.' The foregoing enumerates, defines, and clearly identifies the property, and the

only property belonging to a religious institution that is exempt from taxation." (Emphasis ours.) P. 661. No question was raised in that case as to exemption under the charitable institutions provision. However, we deem the construction made there to be applicable here.

While the activities of the plaintiff are laudable, beneficial to the public, and, no doubt, necessary to the efficient and more economical administration of the affairs of the Presbyterian Church in the United States in this area, we are compelled, for the foregoing reasons, to conclude that the plaintiff is not an institution of "purely public charity" for the purpose of *Code Ann.* § 92-201, and therefore that the property involved here is not exempt from ad valorem taxation.

There being no genuine issue as to any material fact and the defendants being entitled to a judgment as a matter of law, the grant of summary judgment in their favor was proper.

*Judgment affirmed. All the Justices concur.*