## 48641. COOK v. FIRST NATIONAL BANK OF ATLANTA.

QUILLIAN, Judge. The First National Bank of Atlanta brought suit for deficiency balance of $993.73 resulting from a sale under an instalment contract between Jackson Motors, Eddie Cook and Harold Cook. The instrument, which was entered into on July 8, 1968, involved the sale of a 1966 Mercury Cyclone and was payable in 24 successive monthly instalments. The case came on for trial before a judge without a jury. At the close of the evidence, the defendant moved for a judgment on the ground that the notice of the right to redeem did not specify the amount due and that such failure made the notice ineffective under Code Ann. § 96-1007 (Ga. L. 1967, pp. 674, 682). This motion was overruled. It was also contended that the rebate of interest was insufficient, resulting in the defendant being required to pay interest in excess of that allowed under the terms of the Motor Vehicle Sales Finance Act (Code Ann. Ch. 96-10). The trial judge entered judgment for the plaintiff in the amount sought. Appeal was taken from that final judgment.

The contentions before this court are two-fold: (1) that the notice of intent to seek a deficiency failed to specify the amount necessary to redeem, and (2) that the failure to rebate interest on a proportional basis resulted in excess finance charges in violation of Code Ann. § 96-1004 (Ga. L. 1967, pp. 674, 679; 1970, pp. 101, 103). *Held:*

1. Code Ann. § 96-1007 provides that the notice "shall also advise the buyer of his rights of redemption." The arguments made by the defendant are answered adversely to his contention by our ruling in *Gary v. General Motors Acceptance Corp.,* 128 Ga. App. 10 (195 SE2d 458). Although, there is no question that a statement of the balance owed would be preferable, the statute does not require such specification and this court will not engraft it upon the plain terms of the statute.

2. The plaintiff urges that it could use the so-called "rule of seventy-eight" in figuring the interest rebate due to the defendant. *Garrett v. G. A. C. Finance Corp.,* 129 Ga. App. 96 (198 SE2d 717), effectively disposed of any such contention. It is true that in that case the court was considering the Industrial Loan Act, but for all intents and purposes the same rule is applicable under the Motor Vehicle Sales Finance Act. Code Ann. § 25-315 (Ga. L. 1955, pp. 431, 440; 1964, pp. 288, 291) provides the maximum rate of interest that might be charged. It has its equivalent in Code

Ann. § 96-1004. Under the Industrial Loan Act, *prepayment before maturity* may be made using the rule of seventy-eight under Code Ann. § 25-317 (Ga. L. 1955, pp. 431, 443). This is also specified in Code Ann. § 96-1005 (Ga. L. 1967, pp. 674, 680). The penalty for violation of the Industrial Loan Act is found in Code Ann. § 25-9903 (Ga. L. 1955, pp. 431, 444), and the penalty for the Motor Vehicle Act is found in Code Ann. § 96-1008 (Ga. L. 1967, pp. 647, 683). It is therefore clear that for the same reasons and under authority of *Garrett v. G. A. C. Finance Corp.*, 129 Ga. App. 96, supra, the rule of seventy-eight can not be used to compute the interest refund.

In this case the time before the note was called due was less than ten months. The finance charge was $386.05 for the entire 24-month period. The refund was $121.29. Thus, for a period of less than half the time of the note, interest totaling two-thirds ($264.76) of the total amount thereon was charged. This is in excess of the maximum allowable for the period in question on the unpaid balance to finance. Code Ann. § 96-1004 (a). Hence, a violation is shown by the evidence. Under Code Ann. § 96-1008, this bars recovery of any finance charge, delinquency or collection charge on the contract.

The judgment is therefore affirmed on condition that any finance charge, delinquency or collection charge be stricken from the amount recovered; otherwise, reversed.

*Judgment affirmed on condition. Bell, C. J., and Deen, J., concur.*
    Argued October 1, 1973 — Decided January 16, 1974.

*Nancy S. Cheves, Steven Gottlieb, Kendric E. Smith,* for appellant.

*Lewis N. Jones, J. Norwood Jones,* for appellee.