### 30868. BELL v. LOOSIER OF ALBANY, INC.

GUNTER, Justice.

We granted this application for writ of certiorari to review the judgment and Division 1 of the opinion of the Court of Appeals in *Bell v. Loosier of Albany, Inc.,* 137 Ga. App. 50 (222 SE2d 839) (1975). The Court of Appeals divided 6-3 on the issue that we have under review. See also the subsequent decisions of the Court of Appeals that relate to the issue under review: *Harrison v. Goodyear Service Stores,* 137 Ga. App. 223 (223 SE2d 261) (1976); and *Douglas v. Dixie Finance Corp.,* 139 Ga. App. 251 (1976).

The facts in this case are adequately set forth in the opinion of the Court of Appeals, *Bell v. Loosier of Albany, Inc.,* supra. The issue posed by Division 1 of that opinion is one of statutory construction: Had the seller, by accelerating and filing a complaint in the trial court against the buyer, "charged" the buyer rates in excess of those provided for in Code Ann. § 96-903(d) so as to invoke the penalty provisions of Code Ann. § 96-910(b)?

We hold that acceleration by the seller under the contract involved in this case plus the filing of a complaint in the trial court against the buyer seeking recovery of the balance due, without deducting therefrom unearned rates that would have been earned except for acceleration, amounted to a "charge" by the seller in violation of the Retail Installment and Home Solicitation Sales Act.

The contract in this case, when entered into by the parties, did not violate the Act; the rates charged over the entire term of the contract did not violate the Act; the presence of the acceleration clause in the contract did not

violate the Act; but acceleration by the seller plus the filing of a complaint against the buyer which sought recovery of unearned and therefore excessive rates amounted to a "charge" by the seller that violated the Act. And that "charge" invoked the penalty provision: "A violation of § 96-903 (d) shall bar recovery of any finance charge, delinquency or collection charge on the contracts." Code Ann. § 96-910 (b).

The judgment of the Court of Appeals, which affirmed in part and reversed in part the judgment of the trial court, is therefore vacated, and the case is remanded to the Court of Appeals for further proceedings consistent with this opinion.

*Judgment vacated. All the Justices concur.*

ARGUED APRIL 12, 1976 — DECIDED SEPTEMBER 8, 1976 — REHEARING DENIED SEPTEMBER 28, 1976.

*Sharon L. Tucker, Charles M. Baird, H. Winthrop Pettigrew,* for appellant.
*Black & Black, Eugene C. Black, Jr.,* for appellee.
*Robert N. Dockson, David A Webster, Robert E. Stagg,* amicus curiae.