## 50840. BELL v. LOOSIER OF ALBANY, INC.

CLARK, Judge.

The Supreme Court in *Bell v. Loosier of Albany, Inc.,* 237 Ga. 585, has through certiorari reviewed Division 1 of our en banc (6-3) decision reported in 137 Ga. App. 50 (222 SE2d 839). It has vacated our judgment in part and remanded the case for further proceedings consistent with their opinion.

Although appellate decisions primarily settle specific disputes between participating litigants, court opinions also establish precedents whereby lawyers advise clients. Some cases make a greater impact upon the general welfare of the citizenry than others. The instant case is in that category. It involves a contract used widely in our state because it was drafted for and used by the Georgia Retail Furniture Dealers Association. Moreover, it has special significance in that it is a decision of first impression interpreting the Retail Installment & Home Solicitation Sales Act (hereafter "Retail Installment Sales Act") appearing in the Annotated Code as Ch. 96-9.

The discussion in both the majority and minority opinions of our original decision dwelt at length upon the applicability to the Retail Installment Sales Act of the decisions rendered under the Georgia Industrial Loan Act. Our reading of the briefs in the Supreme Court decision shows a similar approach by the attorneys. The opinion of that tribunal reversing Division 1 of our majority decision does not refer to any of the G.I.L.A. decisions cited in our respective opinions. We therefore conclude that henceforth decisions under the Retail Installment Act are to be treated sui generis.

In directing that the judgment be vacated the court's opinion (237 Ga. 585) stated its rulings as follows: "The contract in this case, when entered into by the parties, did not violate the Act; the rates charged over the entire term of the contract did not violate the Act; the presence of the acceleration clause in the contract did not violate the Act; but acceleration by the seller plus the filing of a complaint against the buyer which sought recovery of unearned and therefore excessive rates amounted to a 'charge' by the seller that violated the Act. And that 'charge' invoked the

penalty provision: 'A violation of § 96-903 (d) shall bar recovery of any finance charge, delinquency or collection charge on the contracts.' Code Ann. § 96-910 (b)."

It will thus be observed that our Supreme Court in one succinct sentence set forth principles for guidance of our state's commercial and consumer interests on four points. They are: (1) the validity of the contract used by the Georgia Retail Furniture Dealers Association; (2) the lawfulness of the rates charged in the original purchase contracts; (3) the legality of the acceleration clause; and (4) the illegality involved in seeking to recover unearned rates upon declaring default.

In conforming to the Supreme Court's directive on these four matters, we deem it necessary to point out only the third point, namely, the impact of the presence of the acceleration clause in the conditional sale contract. This is not only because of the importance to the business interests of our state as shown by the pedantic perceptive[1] article entitled "Acceleration Clauses in Georgia" by John M. Hewson, III, appearing in the most recent issue of the Mercer Law Review (Vol. 27, pp. 969-987). It is also due to the fact as observed in our original opinion 137 Ga. App. 50, 52 (222 SE2d 841) that "It should be noted that the appellant's attack upon the purchase contracts is limited to the presence in the contract of paragraph numbered (3) whereby (... upon default in any payment when due the entire amount of purchaser's indebtedness is at vendor's option, become due and payable and collectible by any legal process.)" A review of the briefs filed in both our court and our brother tribunal confirms that this was the principal area argued by the advocates. The Supreme Court has by its decision expressly ruled that such acceleration clause does not alone violate the Retail Installment Act. The violation of the Act here was not in the existence of this clause but in the manner in which it was enforced.

This case is remanded to the trial court with direction

---

[1] Judicial jargon reciprocating author's approval of this judge's views in the *Bell* case, an opinion not concurred in by our Supreme Court.

that judgment be entered for defendant on the complaint and for the plaintiff on the counterclaim.

*Judgment reversed in part and affirmed in part with direction. Bell, C. J., Deen, P. J., Quillian, P. J., Stolz, Webb, Marshall, McMurray, and Smith, JJ., concur.*

DECIDED NOVEMBER 10, 1976.

*Sharon L. Tucker, Charles M. Baird,* for appellant.
*Black & Black, Eugene C. Black, Jr.,* for appellee.