### 53900. CHILIVIS v. CLEVELAND ELECTRIC COMPANY OF GEORGIA, INC.

SHULMAN, Judge.

Appellee, Cleveland Electric Co. of Georgia, Inc., is an electrical contracting company and a taxpayer. The state revenue commissioner, appellant in this action, made an assessment against appellee for taxes allegedly owing as a result of a stock redemption by and liquidation of CEBM, Ltd., a foreign corporation. CEBM, Ltd. performed electrical contracting in the Bahamas. Ninety-six per cent of CEBM's stock was owned by Cleveland Management Corp., a wholly owned subsidiary of Cleveland Electric Co. of Georgia, Inc. CEBM was not an extension of Cleveland Electric Co. of Georgia or any of its wholly owned subsidiaries. CEBM functioned as a real and vital entity in the function of its own affairs. The distribution of earnings and profits received from CEBM as a result of dissolution was included in Cleveland Electric's consolidated federal income tax return as a capital gain realized from the liquidation of a "less developed country" corporation in accordance with § 1248 of the Internal Revenue Code of 1954. The same amount was reported as a dividend on Cleveland Electric's consolidated state income tax return, and was excluded from taxable income.

Appellee submits that Code Ann. § 92-3002 (n) defines the word "dividend" to include "such portion of the assets of a corporation distributed at the time of dissolution as would in effect be a distribution of earnings." It is urged that the transaction which occurred in the case at bar falls within that definition and that as a dividend the amount received is not subject to taxation because of the exemption in Code Ann. § 92-3102 (b)(10) which provides that "[t]here shall be subtracted [from taxable income] dividends received by a corporation from sources without the United States as defined in the Internal Revenue Code of 1954. . ." The revenue commissioner argues that the gain realized on the distribution must be treated as a sale or exchange of stock in the foreign corporation and is subject to taxation under Code Ann. § 92-3113 (2).

The issue presented here is whether the distribution of earnings and profits on the liquidation and dissolution of a foreign corporation constitutes a dividend within the meaning of Code Ann. § 92-3102 (b)(10) and therefore is excluded from taxable income or whether the distribution is taxable as a sale or exchange of the stock in the foreign corporation. The trial court held that the distribution constituted a dividend and was not taxable. We reverse.

1. "[Appellee] cites authorities to the effect that statutes imposing taxes are to be construed strictly against the government and in favor of the citizen; but the question here is one of exemption, and it is the rule that all laws granting exemption from taxation must be strictly construed in favor of the State. *Standard Oil Co. v. State Revenue Commission,* 179 Ga. 371 (7) (176 SE 1); *Mundy v. Van Hoose,* 104 Ga. 292 (30 SE 783); *City of Columbus v. Muscogee Manufacturing Co.,* 165 Ga. 259 (1, 2) (140 SE 860)." *Collins v. Mills,* 198 Ga. 18, 25 (30 SE2d 866). "[T]he exemption will not be held to be conferred unless the terms under which it is granted clearly and distinctly show that it was the intention of the legislature. *Cherokee Brick &c. Co. v. Redwine,* 209 Ga. 691, 693 (75 SE2d 550)." *Warestores, Inc. v. Nash,* 125 Ga. App. 210, 211 (186 SE2d 806). See also *Presbyterian Center v. Henson,* 221 Ga. 750, 753 (146 SE2d 903).

After considering the applicable statutes and the legislative history, we cannot say that the exemption claimed here was intended by the legislature.

The definition of the word "dividend" contained in Code Ann. § 92-3002 (n) has been previously considered by this court and our Supreme Court in *Carter v. Oxford,* 102 Ga. App. 762 (118 SE2d 216) affd. 216 Ga. 821 (120 SE2d 298). The decision is still controlling as to the General Assembly's intention in enacting § 92-3002 (n) [§ 92-3002 (o) at the time of the *Carter* decision]. Their intention was to ensure the taxation of those portions of a corporation's assets distributed at the time of dissolution as would in effect be a distribution of earnings by not allowing corporations to liquidate at depression values and take losses on the difference between the value on the date of liquidation and the sole stockholder's cost or original basis for the stock. *Oxford v. Carter,* 216 Ga. 821, supra, 825. In *Carter,* the court observed that an ambiguity existed in the statutory definition of dividend contained in § 92-3002 (n) which required judicial construction because "in the corporate field the terms 'dividend' and 'distribution of earnings' signify recurrent distributions from a continuing corporate enterprise, and not the final distribution in liquidation." *Carter,* 216 Ga., p. 823. It was held that the Code Ann. § 92-3002 (n) definition of "dividend" was not applicable to bona fide liquidations and that the distribution to the taxpayer of the assets of the corporation was to be treated as a sale of stock of the corporation.

"It is presumed that the legislature knows and enacts statutes with reference to the existing law, including the decisions of the courts, and when there is nothing in the enactment to indicate that the words used were to have a new and different meaning they should be construed as having the same meaning that was attached to them before the enactment. *Botts v. Southeastern Pipe-Line Co.,* 190 Ga. 689, 700 (10 SE2d 375); *Spence v. Rowell,* 213 Ga. 145, 150 (97 SE2d 350); *Johnson v. State,* 1 Ga. App. 195 (58 SE 265). When we apply this rule of statutory construction we must conclude that if the legislature had intended to enlarge the meaning of ['dividend'] it would have used other or further language in the [1969] Act

[presently Code Ann. § 92-3102 (b)(10)] and it is now for the legislature rather than the courts to change the meaning that that term had at the time of the Act." *Buckhead Doctors Bldg., Inc. v. Oxford Fin. Co.,* 115 Ga. App. 52, 55 (153 SE2d 650).

In light of the legislative history of § 92-3002 (n) and the *Carter* decision, we are not willing to say that the term "dividend" as used in Code Ann. § 92-3102(b)(10) incorporates the § 92-3002 (n) definition or that "dividend" as used in § 92-3102 (b) (10) clearly and distinctly includes a final distribution in liquidation. Cf. *Oxford v. Nehi Corp.,* 215 Ga. 74, 81 (109 SE2d 329) (definition of words "sale or sales" not applicable to later Act even though Act used the word "sales").

2. Since, in accordance with the principle of strict construction of exemption statutes, we hold that under Georgia law the distribution involved here cannot be characterized as a "dividend" as contemplated by § 92-3102 (b)(10), it becomes necessary to consider the meaning of "dividends received from sources without the United States" as defined by the Internal Revenue Code of 1954. Code Ann. § 92-3102 provides that every corporation shall pay an income tax equivalent to six percent of the corporation's taxable income as defined in the Internal Revenue Code of 1954 with adjustments provided by Code Ann. § 92-3102 (b) and allocated and apportioned as provided in § 92-3113.

Section 1248 of the Internal Revenue Code of 1954 provides that "the gain recognized on the sale or exchange of such stock shall be included in the gross income . . . as a dividend, to the extent of earnings and profits of the foreign corporation attributable . . . to such stock." Section 1248 (d)(3), however, excludes the distribution received under the facts of this case from earnings and profits and subjects the earnings and profits to capital gains treatment. While we recognize that under Code Ann. § 92-3102 (b)(10) it is the Internal Revenue Code definition of "dividends received from sources without" and not the treatment by the federal tax authorities that is controlling, under the Internal Revenue Code of 1954 the distribution of earnings and profits does not qualify as a dividend. The distribution received in the case at bar does

not, therefore, come within the § 92-3102 (b)(10) adjustment for "dividends received from sources without the United States" as defined by the Internal Revenue Code of 1954.

3. It is undisputed that Cleveland Management Corp., a Georgia corporation, held all of its stock shares in CEBM, Ltd. in Fulton County, Georgia. As the actual situs of the intangible property was in Georgia, the profit realized from the sale of this intangible property not owned or used in connection with the trade or business of the corporation is taxable in this state. § 92-3113 (2).

*Judgment reversed. Quillian, P. J., and Banke, J., concur.*

ARGUED MAY 9, 1977 — DECIDED JUNE 15, 1977 —
REHEARING DENIED JULY 7, 1977 — ▆▆▆▆▆▆▆▆

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, First Assistant Attorney General, H. Perry Michael, Senior Assistant Attorney General, R. Douglas Lackey, Assistant Attorney General,* for appellant.

*Smith, Cohen, Ringel, Kohler & Martin, John A. Blackmon, Harvey S. Gray,* for appellee.