## 54897. THOMAS v. UNIVERSAL GUARDIAN CORPORATION.

SMITH, Judge.

The sole question presented by this appeal is whether the acceleration clause in an installment loan contract is a "default charge" which must be disclosed in the manner required by the federal Truth-In-Lending Act. We conclude that the acceleration clause stated such a "default charge"; therefore, the judgment is reversed.

Universal Guardian Corporation was the assignee of an installment loan agreement with Thomas, the appellant. Thomas defaulted and Universal brought suit for the balance allegedly due, plus statutory attorney fees, interest, and costs. Thomas counterclaimed, alleging violations of both the Retail Installment and Home Solicitation Sales Act (RIHSSA) (Ga. L. 1967, p. 659 et seq.; Code Ann. Ch. 96-9) and the federal Consumer Credit Protection Act of 1969 (Truth-In-Lending Act). 15 USCA § 1601 et seq. The trial court, sitting without a jury, found that there had been default and acceleration but Universal had violated certain provisions of RIHSSA and thus was barred from recovery of any finance charges,

delinquency charges, or attorney fees. However, the court found the Truth-In-Lending Act counterclaim to be meritless and refused to award Thomas the statutory penalty prescribed under that Act.

The agreement in question states on the front page, above the signature line, the following: "Default Charges. If Buyer fails to pay any scheduled payment hereon when due and such default continues for more than *10* days, Seller or holder may charge and collect a default charge not to exceed *5%* of such defaulted payment or *$5.00,* whichever is less." On the reverse side of the paper, under the heading, "Additional Provisions," appears the statement that "upon such default, at the option of the Seller, without notice or demand, all unpaid installments shall immediately become due and payable, together with all sums owing hereunder." *Held:*

"Regulation Z" of the Federal Reserve Board, implementing the Truth-In-Lending Act, requires that, in closed-end credit transactions such as the one here, all disclosures "shall be made together on either: (1) . . . [T]he same side of the page and above the place for the customer's signature; or (2) One Side of a separate statement which identifies the transaction." 12 CFR § 226.8(a). Thomas contends that the acceleration clause on the rear of the page, quoted above, was a default charge which should have been disclosed together with other default charges on the front of the document; Universal contends the acceleration clause states no such default charge because Georgia law operates to prevent the creditor from using the provision to charge any unearned fee or interest.

In the loan transaction here, the interest charged was precomputed for the full period of the anticipated indebtedness, and the charge as computed was then spread equally over the monthly payments. If, as stated in the acceleration clause, the creditor could collect upon default all remaining installments, then the creditor would be collecting the full amount of interest for a shorter period than anticipated. There is no doubt that such a collection of unearned interest violates RIHSSA § 3 (d) (Code Ann. § 96-903 (d)). And under RIHSSA § 10 (Code Ann. § 96-910), a violation of § 3(d) will bar recovery of any

finance charge, delinquency or collection charge on the contract; such was the case here.

Predictably, Universal contends that though the acceleration clause purports to allow collection of unearned interest upon default, and thereby purports to create a default charge, it does not really do so because the charge it attempts to extract is not legally collectible under Georgia law. The same argument could be made with respect to the relationship of the acceleration clause and RIHSSA, and we believe the same answer is reached. As shown by the opinions in *Bell v. Loosier of Albany, Inc.,* 137 Ga. App. 50 (1) (222 SE2d 839) (1975); revd. 237 Ga. 585 (229 SE2d 374) (1976); on remand, 140 Ga. App. 393 (231 SE2d 142) (1976), an acceleration clause purporting to collect unearned interest does not violate RIHSSA, but the same clause *plus an attempt under it to collect unearned interest* does violate RIHSSA. Thus, if an accurate interest rebate is calculated when the clause is enforced, there is no violation. Likewise, we believe that the acceleration clause, standing alone, does not state a default charge. But, in our view, once the creditor uses that clause to demand unearned interest the clause states a default charge. Universal's argument, that the acceleration clause does not state a default charge since any unearned interest is uncollectible under Georgia law, ignores the reality that in this case Universal demanded payment of excessive interest, filed suit seeking judgment for excessive interest, and, but for Thomas hiring an attorney to oppose the demand, likely would have received a judgment including the excessive interest. We agree with the federal district court that "the crucial inquiry is what charges has the lender asserted a right to collect under the terms of the note, *not* what will be the outcome of an attempt to enforce those charges in the state courts." Barrett v. Vernie Jones Ford, Inc., 395 FSupp. 904, 911 (N. D. Ga. 1975). See also McDaniel v. Fulton National Bank of Atlanta, 395 FSupp. 422, 427 (N.D. Ga. 1975). However, the Fifth Circuit Court of Appeals has reversed the Barrett and McDaniel decisions, holding that an acceleration clause does not state a default charge as contemplated by Regulation Z. McDaniel v. Fulton National Bank of Atlanta, 543 F2d 568 (5th Cir. 1976). The

court, citing its earlier decision in Martin v. Commercial Securities Company, Inc., 539 F2d 521 (5th Cir. 1976), reasoned that the Federal Reserve Board could have written Regulation Z specifically to include acceleration clauses within the purview of "default charge," but, since the Regulation did not read that way, the court would not so interpret it. These Fifth Circuit opinions stand in contrast to Federal Reserve Board Staff Opinion Letter No. 851, 4 CCH Consumer Credit Guide ¶31, 173 (Oct. 22, 1974), which interprets acceleration clauses to state a default charge whenever they call for payment of unearned interest which the creditor is not required to rebate. The Third Circuit Court of Appeals followed the staff opinion letter in Johnson v. McCrackin-Sturman Ford, Inc., 527 F2d 257 (3rd Cir. 1975), in considering a Pennsylvania loan agreement. There the court held that the acceleration clause did not state a default charge because Pennsylvania law would be read into the contract to require a rebate of unearned interest. Following the analysis of the staff opinion letter and Johnson, we hold that the acceleration clause here, in the manner Universal attempted to enforce it, *did* state a default charge. Whatever Pennsylvania law may be, Georgia law does not read any interest rebate into a loan contract so as to render that contract legal. Rather, the effect of Georgia law is to allow the debtor, when sued on the note, to counterclaim, seeking to bar the collection of any finance charges, whenever the creditor has attempted enforcement of the acceleration clause in such a way as to collect unearned interest. The clause, as the creditor attempted to enforce it, states a default charge, and absent the debtor's counterclaim the charge may well be — and in many cases probably is — ultimately collected.

It is thus apparent that the two circuits are split on how to handle acceleration clauses. The Fifth Circuit will not hold them to state default charges in any event while the Third Circuit will construe the clause in accordance with state law to determine whether it results in the collection of unearned interest. If it does, it states a "default charge"; if it does not, then it need not be disclosed along with other default charges. We believe the Third Circuit has reached the correct result. Likewise, we

are aware that the Fifth Circuit is reconsidering its position by granting a rehearing en banc in the McDaniel case. McDaniel v. Fulton National Bank of Atlanta, 554 F2d 1391 (5th Cir. 1977).

In summary, we have applied the unearned interest test in conjunction with the Georgia law of acceleration clauses to conclude that the clause in this agreement, in the manner Universal attempted to enforce it, stated a "default charge" which was required by Regulation Z to be disclosed along with the other "default charges." We reverse the trial court's judgment that the Truth-In-Lending Act counterclaim was without merit.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED NOVEMBER 1, 1977 — DECIDED FEBRUARY 20, 1978.

*Kendric E. Smith,* for appellant.
*Robert A. Sneed & Associates, Daniel F. Bridgers,* for appellee.