## 58786. LEE et al. v. NATIONAL BANK & TRUST COMPANY OF COLUMBUS.

SMITH, Judge.

Pursuant to a loan agreement, appellee acquired a security interest in appellant's 1973 Volkswagen. On September 29, 1978, appellee filed a petition for writ of possession. Appellant filed a defense and a counterclaim, alleging that the finance charge on appellant's loan exceeded the legal limit set forth in Code § 96-1004 (a). Appellant further alleged that the overcharge was wilful. See Code § 96-1008 (c). On the basis of these allegations, appellant prayed that the finance charge be disallowed and that punitive damages be entered under Code § 96-1008 (c). Appellant contends that such damages more than offset appellant's indebtedness and, therefore, the writ of possession should not have been issued.

In response to appellant's answer and counterclaim, appellee filed a motion to dismiss and, in the alternative, a motion for judgment on the pleadings. Appellant moved for partial judgment on the pleadings. These motions were converted into motions for summary judgment. See CPA § 12 (c) (Code Ann. § 81A-112 (c)). The trial court granted

summary judgment in favor of appellee, holding, inter alia, that, as a matter of law, the alleged violation of Code § 96-1004 (a) was not wilful. We agree.

In a "mutual stipulation of fact," the parties stipulated 1) that "the facts presented before this Court constitute all the facts that would be presented upon a trial of this case" and 2) that "Defendants defenses and counterclaim alleging violations of the Motor Vehicle Sales Finance Act rest solely on their contentions that the finance charge imposed in the above mentioned contract is in excess of that allowed by that Act and that, in light of the evidence before this Court, Plaintiff's imposition of and attempts to collect said finance charge constitute a wilfull violation of that Act within the meaning of Ga. Code Ann. § 96-1008 (c)."

Appellee avers that the excess finance charge was the result of its interpreting the term "year" in Code § 96-1004 (a) as "model year" rather than "calendar year." A vice president of appellee bank provided sworn testimony that Code § 96-1004 (a) was presently being interpreted in this manner by himself and others in the trade.

We agree with appellant that the term "year" in Code § 96-1004 (a) refers to "calendar year" rather than "model year" and that appellee's interpretation of Code § 96-1004 (a) is erroneous. Nonetheless, we do not believe that a finding of wilfulness is authorized merely because it has been established that a finance charge exceeds the legal limit set forth in Code § 96-1004 (a). A contrary view would render meaningless Code § 96-1008 (b), which provides that "a violation of section 96-1004 by the seller or holder shall bar recovery of any finance charge, delinquency or collection charge on the contract." Clearly, a "wilful violation" constitutes something more than a violation of Code § 96-1004 (a). See *Martin v. Glenn's Furniture Co.*, 126 Ga. App. 692, 699 (191 SE2d 567) (1972).

Appellant has shown nothing more than a violation of Code § 96-1004 (a) and concedes that "the facts presented [on the motion for summary judgment] . . . constitute all the facts that would be presented upon a trial of this case." Under the circumstances, the trial court did not err in holding that, as a matter of law, appellee did not wilfully violate Code § 96-1004 (a).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED NOVEMBER 19, 1979 — DECIDED FEBRUARY 28, 1980.

*Paul E. Kaufman, Willie Abrams,* for appellants.
*Michael P. Cielinski,* for appellee.