## 63843. BOZEMAN v. TIFTON FEDERAL SAVINGS & LOAN ASSOCIATION.

CARLEY, Judge.

Tifton Federal Savings and Loan Association, appellee, filed a petition for a writ of possession to recover a mobile home in which it held a security interest. Appellee was the assignee of a Retail Installment Contract and Security Agreement which had been executed by Mrs. Bozeman, appellant, and the dealer from whom she purchased the mobile home. Appellant filed an answer to appellee's petition and denied appellee's allegation that she was in default under the contract. Appellant's denial of default was based on an assertion that the finance charge imposed both by the contract itself and by appellee's acceleration upon her alleged default exceeded the rate allowed by the Georgia Motor Vehicle Sales Finance Act (MVSFA), Code Ann. § 96-1001 et seq. Accordingly, appellant contended that the finance charge was uncollectable and that she was not in default because at the time the debt was accelerated, she had already paid more than she was legally obligated to pay. Appellant also filed a counterclaim seeking to invoke the penalty set forth in Code Ann. § 96-1008 (c) for the wilful violation of MVSFA. Both parties filed motions for summary judgment, appellee's motion being directed toward the entire case and appellant's motion going only to the main action. The trial court denied appellant's motion for summary judgment and granted appellee's, awarding it a writ of possession. Appellant appeals from the trial court's orders.

1. We turn first to appellant's contention that appellee, both in its notice of intention to enforce the attorney fee provisions of the contract and in its original petition for writ of possession, violated Code Ann. § 96-1004 by demanding, as an accelerated balance, an amount that included an excessive finance charge. Appellee has admitted that the accelerated balance demanded in its attorney fee notice and in its original petition was computed by rebating unearned finance charges according to the "Rule of 78" method. This method of computing the finance charge rebate due upon acceleration following default has been held to violate MVSFA. *Cook v. First Nat. Bank of Atlanta,* 130 Ga. App. 587 (203 SE2d 870) (1974). See also, *Garrett v. G. A. C. Finance Corp.,* 129 Ga. App. 96 (198 SE2d 717) (1973).

However, appellee urges that any violation of MVSFA was cured when it subsequently amended its petition for writ of possession to demand a reduced accelerated balance correctly computed by rebating the unearned finance charge on a pro rata or proportional basis. Appellant contends that appellee could not cure its violation of Code Ann. § 96-1004 by amendment of its petition.

The Supreme Court of this state has addressed this issue in a case arising under the Retail Installment and Home Solicitation Sales Act (RIHSSA), Code Ann. § 96-901 et seq. Following the buyer's default, the plaintiff-seller in *Bell v. Loosier of Albany, Inc.,* 237 Ga. 585 (229 SE2d 374) (1976) brought suit for an accelerated amount computed under the Rule of 78. The seller later amended its complaint to deduct the unearned finance charges from the amount which it sought to recover. See *Bell v. Loosier of Albany, Inc.,* 137 Ga. App. 50, 51-52 (222 SE2d 839) (1975). The Supreme Court held that "acceleration by the seller plus the filing of a complaint against the buyer which sought recovery of unearned and therefore excessive rates amounted to a 'charge' by the seller that violated the [RIHSSA]." *Bell,* 237 Ga. at 586, supra. The seller's amendment of the complaint was ineffective to correct the violation, as the impermissible "charge" had already been imposed. *Bell,* 237 Ga. 585, supra.

We see no basis upon which to distinguish between RIHSSA and MVSFA for purposes of applying the holding in *Bell,* 237 Ga. 585, supra, in the instant case. The two statutes were enacted on the same day, both "to provide requirements and prohibitions as to retail installment contracts" and "to provide for finance charge limitation." Ga. L. 1967, pp. 659, 674. While provisions of each act limiting the rates of finance charges differ somewhat in wording, these differences are insignificant in that the provisions are virtually identical in meaning and function. RIHSSA provides at Code Ann. § 96-903 (d) (2) that "a minimum time price differential *not in excess of* the following amounts *may be charged...*," whereas MVSFA states at Code Ann. § 96-1004, that "the finance *charge... shall not exceed* the following rates . . . ." (Emphasis supplied.)

We hold, therefore, that appellee's acceleration under the contract, followed by the filing of its petition for writ of possession "seeking recovery of the balance due, without deducting therefrom unearned rates that would have been earned except for acceleration, amounted to a 'charge' by the seller in violation of" MVSFA. *Bell,* 237 Ga. 585, supra. See also *Harrison v. Goodyear Svc. Stores,* 137 Ga. App. 223, 224-225 (223 SE2d 261) (1976).

2. Appellee contends that a 1980 amendment of MVSFA, Ga. L. 1980, pp. 523, 525, (Code Ann. § 96-1005), authorized its computation

of the accelerated amount due by using the Rule of 78. The 1980 enactment essentially provides that in cases where the buyer pays a retail installment contract debt in full at any time before maturity, he is entitled to receive a refund credit for such anticipation of payments calculated under the Rule of 78. The statute also contains the following proviso: "[T]his section shall not apply to credit upon anticipation of payments or *upon acceleration in those cases where the seller or holder of the contract has computed finance charges according to the actuarial method. . .*" (Emphasis supplied.) It is appellee's position that the above emphasized language of the proviso, rendering the statute inapplicable in cases of acceleration of contracts containing finance charges computed according to the actuarial method, should be construed as authority to compute the rebate in accordance with the Rule of 78 where, as in the instant case, there has been an acceleration of a contract containing a finance charge computed other than according to the actuarial basis. " 'It is well established that an exception in a statute amounts to an affirmation of the application of its provisions to all other cases not excepted, and excludes all other exceptions.' [Cits.]" *Barnett v. D. O. Martin Co.,* 191 Ga. 11, 14 (11 SE2d 210) (1940). Appellee's argument in this regard would perhaps be more availing were it not for the fact that, in its material and relevant parts, all that is contained in the 1980 statute which precedes the proviso is essentially a reenactment of Ga. L. 1967, pp. 674, 680, former Code Ann. § 96-1005. The language of that former statute, retained for the most part in the 1980 enactment, was judicially construed in *Cook v. First Nat. Bank,* 130 Ga. App. 587 (2) supra, as strictly authorizing calculation of the rebate using the Rule of 78 only in cases of prepayment before maturity, not in cases of acceleration. Under these circumstances, the proviso of the 1980 statute cannot be construed as authority to calculate the rebate using the Rule of 78 in all cases of acceleration of a contract under the MVSFA other than those containing a finance charge computed according to the actuarial method. " 'From the addition of words it may be presumed that the legislature intended some change in the existing law; but it is also presumed that the legislature did not intend to effect a greater change than is clearly apparent either by express declaration or by necessary implication. [Cit.]' [Cits.]" *C. W. Matthews Contracting Co. v. Capital Ford Truck Sales,* 149 Ga. App. 354, 356 (254 SE2d 426) (1979). "Words and phrases, the meaning of which has been ascertained in a Statute, are, when used in a subsequent Statute, or in subsequent parts of the same Statute, to be understood in the same sense. [Cits.]" *Lane v. Morris,* 10 Ga. 162, 173 (1851). " 'It is presumed that the legislature knows and enacts statutes with reference to the existing law,

including the decisions of the courts, and when there is nothing in the enactment to indicate that the words used were to have a new and different meaning they should be construed as having the same meaning that was attached to them before the enactment. [Cits.] When we apply this rule of statutory construction we must conclude that if the legislature had intended to enlarge the meaning of [former Code Ann. § 96-1005] it would have used other or further language in the [1980] Act [presently existing Code Ann. § 96-1005] and it is now for the legislature rather than the courts to change the meaning that that [statute] had at the time of the Act.' [Cit.]" *Chilivis v. Cleveland Elec. Co.,* 142 Ga. App. 751, 753-754 (236 SE2d 872) (1977). Accordingly, in cases of acceleration of MVSFA contracts, we hold that under the 1980 statute, as with former Code Ann. § 96-1005, the refund credit may not be calculated under the Rule of 78. *Cook,* 130 Ga. App. 587, supra.

3. The determination that the appellee violated Code Ann. § 96-1004 triggers the penalty provision of Code Ann. § 96-1008: "A violation of section 96-1004 by the seller or holder shall bar recovery of any finance charge, delinquency or collection charge on the contract." The entire finance charge was therefore forfeited. *Kelly v. Sylvan Motors, Inc.,* 160 Ga. App. 420 (287 SE2d 359) (1981); *Ford Motor Credit Co. v. Spann,* 153 Ga. App. 535, 537 (265 SE 2d 863) (1980); *Smith v. Society Nat. Bank,* 143 Ga. App. 370, 371 (238 SE2d 739) (1977); *Cook v. First Nat. Bank,* 130 Ga. App. at 588, supra. It is therefore unnecessary to consider the other grounds under which appellant contends that the finance charge was excessive.

4. Appellant takes the position that because she was not legally obligated to pay the finance charge she was not in default. "The total finance charge specified in the contract was [$17,051.32]. The total of payments was [$34,816.32]. After deducting the [$17,051.32] finance charge, the total due becomes [$17,765.00]. At the time of acceleration, appell[ant] had paid [$8,674.30], thus reducing the balance to [$9,090.70]. However, at that point, there were [100] months remaining on the contract, or [100] payments of [$241.78] each, for a total of [$24,178.00]. Thus, at the time of acceleration, the future payments due under the contract exceeded the amount of the remaining indebtedness. Under these circumstances, the debtor cannot be held in default." *Ford Motor Credit Co.,* 153 Ga. App. at 538, supra (citing *Smith v. Society Nat. Bank,* 143 Ga. App. 370, supra, and *Harrison v. Goodyear Svc. Stores,* 137 Ga. App. 223 (223 SE2d 261) (1976)).

The trial court erred in granting summary judgment for appellee as to the entire case and in denying appellant's motion for summary

judgment as to the main action. Accordingly, the judgments are reversed and the case is returned to the trial court where, after the entry of orders consistent with the holding in this case, the appellant's counterclaim will be pending.

*Judgments reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED NOVEMBER 3, 1982.

*W. E. Lockette,* for appellant.
*Norman Jewel Crowe, Jr.,* for appellee.