68618. BOZEMAN v. TIFTON FEDERAL SAVINGS & LOAN ASSOCIATION.
(324 SE2d 199)

BENHAM, Judge.

In the previous appearance of this case at 164 Ga. App. 260 (297 SE2d 49) (1982), this court held that the use of the Rule of 78's in computing unearned interest rebates in the course of accelerating a loan on which appellee contended that appellant was delinquent was a violation of the Motor Vehicle Sales Finance Act (MVSFA); that appellee was therefore barred from recovering all finance charges, delinquency charges, and collection charges; and that appellant was not in default. A grant of summary judgment to appellee was reversed, and the case was returned to the trial court for consideration of appellant's counterclaim in which she alleged that appellee's violation of

the MVSFA was a wilful violation, subjecting appellee to the penalty provided for in OCGA § 10-1-38 (c).

On remand, appellee submitted the deposition of its agent who had calculated the rebate and, based primarily on that deposition, successfully sought summary judgment on appellant's counterclaim. In its order the trial court found that appellee's conduct was, as a matter of law, not wilful. We find that conclusion to be erroneous.

As movant for summary judgment, appellee had the burden of proving that appellant could not recover under "any discernable circumstances." *Allen & Bean v. American &c. Ins. Co.*, 153 Ga. App. 617, 618 (266 SE2d 295) (1980). In an effort to shoulder that burden, appellee points to its agent's lack of training and experience and to the fact that it stopped using the illegal method of computation after this suit was filed.

In light of other evidence that appellee's use of the Rule of 78's was not inadvertent and that appellee continued to use that computation method for six years after this court declared it a violation of the MVSFA to do so in this context (*Cook v. First Nat. Bank of Atlanta*, 130 Ga. App. 587 (203 SE2d 870) (1974)), we cannot agree with appellee and the trial court that the evidence here shows no more than a mere violation of the MVSFA, entitling appellee to judgment as a matter of law on the issue of wilfulness. Compare *Lee v. Nat. Bank &c.*, 153 Ga. App. 656 (266 SE2d 315) (1980).

We hold, therefore, that a question of fact exists as to whether appellee's continued use, as a matter of policy, of a computation method declared to be violative of the MVSFA constituted a wilful violation of the Act, subjecting appellee to the penalty provided for in OCGA § 10-1-38 (c).

*Judgment reversed. Banke, P. J., concurs. Pope, J., concurs specially.*

DECIDED NOVEMBER 1, 1984 —
REHEARING DENIED NOVEMBER 20, 1984.

*W. E. Lockette, Paul Kauffman, John L. Cromartie, Jr.*, for appellant.
*Bob Reinhardt*, for appellee.

POPE, Judge, concurring specially.

I concur in the judgment of the majority, but point out that my agreement is based upon the failure of the movant to carry its burden on summary judgment rather than the strength of appellant's evidence. Appellant will, however, at trial have the heavy burden of proving appellee's *wilful* violation of the statute. See OCGA § 10-1-38 (c).

There is no question that appellee violated OCGA § 10-1-33 by computing certain finance charges using an illegal method. This violation triggered the penalty provision of OCGA § 10-1-38 (b). "The entire finance charge was therefore forfeited." *Bozeman v. Tifton Fed. Savings &c. Assn.*, 164 Ga. App. 260, 263 (297 SE2d 49) (1982). Addressing the question of wilfulness within the meaning of the penalty statute at issue, OCGA § 10-1-38 (c), this Court has explained that a finding of wilfulness is not authorized "merely because it has been established that a finance charge exceeds the legal limit set forth in [OCGA § 10-1-33 (a)]. A contrary view would render meaningless [OCGA § 10-1-38 (b)], which provides that 'a violation of [OCGA § 10-1-33] by the seller or holder shall bar recovery of any finance charge, delinquency or collection charge on the contract.' Clearly, a 'wilful violation' constitutes something more than a violation of [OCGA § 10-1-33 (a)]." *Lee v. Nat. Bank &c. Co.*, 153 Ga. App. 656, 657 (266 SE2d 315) (1980). Moreover, "[t]he general rule is that mere violation of instructions, orders, rules, ordinances, and statutes . . . [does] not, without more, as a matter of law, constitute wilful misconduct; and where the misconduct consists of a failure or refusal to perform a duty required by statute, a bare failure, or refusal, without more does not constitute a wilful failure or refusal to perform such duty. Such violations or failures or refusals generally constitute mere negligence, and such negligence, however great, does not constitute wilful misconduct or wilful failure or refusal to perform a duty required by statute. . . ." (Citations and punctuation omitted.) *Martin v. Glenn's Furniture Co.*, 126 Ga. App. 692, 699 (191 SE2d 567) (1972).