71011, 71046. PALACE INDUSTRIES, INC. v. CRAIG et al.;
and vice versa.
(339 SE2d 313)

DEEN, Presiding Judge.

Palace Industries, Inc. (Palace) entered into a contract with the Craigs on November 8, 1980, to repair the deck and install a new roof on their house. Under its terms, the principal amount of the contract was $4,260 with a finance charge of $2,603.76. The contract provided for 72 monthly payments of $195.33. Palace guaranteed its work for twenty-five years.

The Craigs were dissatisfied with Palace's performance, tried at least twice to remedy the problems and eventually stopped making payments. Palace, in turn, declared the Craigs in default and accelerated the contract on January 11, 1982. Under the terms of the contract, Palace was allowed to accelerate the indebtedness on default and was entitled to recover the outstanding balance less any unearned interest. When Palace filed suit against the Craigs on March 20, 1984, it sought to recover the entire unpaid balance including interest. The Craigs answered, denying their indebtedness and asserted the defense that the work was improperly done. During discovery, the Craigs requested information as to the exact amount of unearned interest rebated by Palace. In reply, Palace stated that "there was no unearned interest in this case." The Craigs then moved for summary judgment contending that Palace had violated the provisions of the Retail Installment and Home Solicitation Sales Act (RIHSSA) by failing to rebate the unearned interest upon acceleration and filing suit against them for the entire amount of the contract, that the plaintiff's actions were wilful and they should be subjected to the double finance charge penalty, as contained in OCGA § 10-1-15, and that the demand for attorney fees must fail because the demand letter failed to meet the requirements of OCGA § 13-1-11. Palace Industries appeals from the grant of partial summary judgment which held it violated RIHSSA by failing to rebate unearned interest and that the attorney fees letter was insufficient as a matter of law. The Craigs cross-appeal contending the court below erred in finding that Palace's violation of RIHSSA was not wilful.

## Case No. 71011

1. Palace contends that the trial court erred in its reliance upon *Bell v. Loosier of Albany*, 237 Ga. 585 (229 SE2d 374) (1976), in holding that acceleration by the seller plus filing a complaint against the buyer without deducting unearned interest from the alleged indebtedness constituted a "charge" by the seller in violation of RIHSSA.

We have examined the record in *Bell v. Loosier of Albany*, supra, and find that in both that case and the instant case sellers utilized identical procedures to accelerate the debt. Both made demand for the unpaid balance and then filed a complaint seeking recovery of the balance without deducting unearned interest and then sought to amend the complaint when the defendant answered and counterclaimed alleging a violation of RIHSSA. The Supreme Court in *Bell*, supra, held that "acceleration by the seller under the contract involved . . . plus the filing of a complaint in the trial court against the buyer seeking recovery of the balance due, without deducting therefrom unearned rates that would have been earned except for acceleration, amount to a 'charge' by the seller in violation of the Retail Installment and Home Solicitation Sales Act." Accordingly, there is no merit in this enumeration of error.

2. Appellant also enumerates as error the trial court's ruling that its written notice to the Craigs of default and demand for payment was insufficient to allow recovery of reasonable attorney fees, and relies upon *Carlos v. Murphy Warehouse Co.*, 166 Ga. App. 406 (304 SE2d 439) (1983), *General Elec. Credit Corp. v. Brooks*, 242 Ga. 109 (249 SE2d 596) (1978), and *Turner Advertising Co. v. Prakas*, 164 Ga. App. 788 (298 SE2d 553) (1982), as authority for the rule that strict compliance with the language of OCGA § 13-1-11 (a) (3) is not necessary; substantial compliance is sufficient. Appellant is correct. In *Carlos*, the amount of the indebtedness was miscalculated and in *Turner Advertising*, a typographic error caused the notice to read exactly the opposite of what was intended. In *General Elec. Credit Corp.*, the demand letter failed to refer to the contractual provisions pertaining to attorney fees and failed to provide that the principal and interest without attorney fees could be paid within 10 days of the receipt of the notice. In all of these cases, the demand was held to constitute substantial compliance with the statutory requirements.

In the instant case, the letter states the original amount of the indebtedness plus the finance charge, but does not state any amount as due and owing or state that the Craigs will be liable for any amount in attorney fees. The demand letter merely states the terms of the contract, and demands that "satisfactory arrangements for payment must be made within 10 days from receipt of the notice or it will become necessary to proceed with suit against you." This demand

appears to fall short of even the requirements for substantial compliance, although it is arguable that the holding in *General Elec. Credit Corp. v. Brooks*, supra at 119 could be extended to cover it. It is unnecessary to decide this issue, however, because under *Bell v. Loosier of Albany*, supra at 586, a violation of OCGA § 10-1-3 as found in OCGA § 10-1-15 "shall bar recovery of any finance charge, delinquency or collection charge on the contracts." The contract in question provides: "Buyer also agrees to pay any court costs and reasonable attorney fees if this contract is referred to an attorney, not a salaried employee of Holder, for collection."

Although the trial court erred in holding that strict compliance with OCGA § 13-1-11 (a) (3) is a prerequisite to the collection of attorney fees, appellant was barred from collection of such fees under OCGA § 10-1-15. If the trial court's ruling is right for any reason, this court must affirm the decision. *Stocks v. Colonial Stores*, 143 Ga. App. 722, 724 (240 SE2d 151) (1977).

### Case No. 71046

In their sole enumeration of error on cross-appeal, the Craigs contend the trial court erred in finding that Palace did not wilfully violate RIHSSA and in denying their motion for summary judgment on this issue.

Mere violations of RIHSSA or negligence do not constitute wilfulness. *Lee v. Nat. Bank &c. Co.*, 153 Ga. App. 656 (266 SE2d 315) (1980); *Martin v. Glenn's Furn. Co.*, 126 Ga. App. 692 (191 SE2d 567) (1972). In *Bozeman v. Tifton Fed. Savings &c. Assn.*, 172 Ga. App. 652 (324 SE2d 199) (1984), the lender accelerated a loan and used the Rule of 78's to compute the earned interest and the amount of the rebate for unearned interest to be credited to the debtor. The court noted that the lender's use of the Rule of 78's was not inadvertent as its use had been forbidden for several years. Nevertheless, the court held that a question of fact as to wilfulness existed for trial. In the instant case, Palace accelerated and filed suit without rebating any unearned interest although default occurred at the mid-point of the term of the contract and the contract expressly provided for the rebate of unearned interest. Palace did not credit the Craigs with payments admittedly made and Palace's president filed three affidavits or "verifications" each alleging different amounts as owed by the defendants. The final one stated that Palace's records had been lost by an attorney and that the amount of the indebtedness could not be determined. Palace's first admission that it improperly failed to rebate the interest came only after the Craigs filed a motion for summary judgment. Up to that point, it steadfastly declared that there was no unearned interest to rebate. It is difficult to imagine a case in

which a more egregious case of wilful misconduct exists. Accordingly, the trial court erred in finding no wilful misconduct and should have entered summary judgment for the Craigs on this issue.

*Judgment in case no. 71011 affirmed. Judgment in case no. 71046 is reversed. Pope and Beasley, JJ., concur.*

DECIDED DECEMBER 2, 1985 —
REHEARING DENIED DECEMBER 19, 1985 — 

*David C. Farshy*, for appellant.
*Gary J. Leshaw, Steven Gottlieb*, for appellees.