## MOTZ v. ALROPA CORPORATION.

No. 13654. MAY 15, 1941.

*John E. Feagin* and *George Carroll*, for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Elliott Goldstein,* and *Blane & Steinberg,* contra.

*Jones, Jones & Sparks,* for persons at interest.

JENKINS, Justice. ■ The rights of the parties to a contract made and to be performed in another State are controlled not only by its pertinent statutes but by the decisions of its appellate courts construing and applying those statutes. John Hancock Mutual Life Insurance Co. *v.* Yates, 299 U. S. 178, 181, 182 (57 Sup. Ct. 129, 81 L. ed. 106); Burns Mortgage Co. *v.* Fried, 292 U. S. 487 (54 Sup. Ct. 813, 78 L. ed. 1380, 92 A. L. R. 1193); *Trustees of Williams Hospital* v. *Nisbet,* 189 *Ga.* 807 (*b*), 811 (7 S. E. 2d, 737); U. S. Constitution, art. 4, § 1 (Code, § 1-401). But where only some rule of the common law of England is involved, in determining rights governed by the law of another State where the common law prevails, the construction of the common law given by the courts of this State will control, in preference to the construction given by the court of the State of the contract. *Slaton* v. *Hall,* 168 *Ga.* 710, 715 (148 S. E. 741); *Lay* v. *Nashville &c. Ry. Co.,* 131 *Ga.* 345 (2) (62 S. E. 189); *Thomas* v. *Clarkson,* 125 *Ga.* 72 (3), 78 (54 S. E. 77, 6 L. R. A. (N. S.) 658), and cit.; *Trustees of Williams Hospital* v. *Nisbet,* supra; *Bolton* v. *Bluestein,* 55 *Ga. App.* 782 (3) (191 S. E. 388); *Motors Mortgage Corporation* v. *Purchase-Money Note Co.,* 38 *Ga. App.* 222 (143 S. E. 459).

■ In this equitable petition by a mortgagee of land, to obtain a deficiency judgment against a purchaser of the land from the mortgagor, where the deed from the mortgagor to the purchaser contained a provision that the purchaser assumed the mortgage debt as part payment of the consideration, it was expressly pleaded that Florida, the State of the contract and location of the land,

had by statute adopted the common law of England, and that such common law was controlling as to this transaction. It was also pleaded that it was and is such common law as construed in Florida that a grantee who purchases mortgaged land from the mortgagor, under a provision in the deed assuming the mortgage, becomes liable to the mortgagee as effectually as though he himself signed the deed, and becomes thus liable in a separate suit by the mortgagee as to any deficiency after a foreclosure sale of the mortgaged premises. Accordingly, since only the rules of the common law, as adopted and construed in Florida, were thus pleaded as governing the transaction, the decisions of Georgia will prevail with reference thereto.

■ The defendant grantee contends that there are Georgia decisions construing the common law, and holding that a mere acceptance by the grantee of a deed, with a recital that the grantee assumes a previous mortgage, will not render the grantee liable to the mortgagee unless the grantee also enters into possession of the land; and that, in the absence of any averment as to an entry, the petition was subject to general demurrer. The Code, § 29-102, declares that "When a grantee accepts a deed and enters thereunder, he will be bound by the covenants contained therein, although the deed has not been signed by him." Before the codification of that provision, this court, in *Georgia Southern Railroad* v. *Reeves,* 64 *Ga.* 492, held that "Where the grantor . . conveyed to a company, its successors or assigns forever, in fee simple [a] right of way through his land, and added in the deed" a provision requiring that a depot be built for the benefit of the grantor and use by the railroad, "the grantee, by accepting such deed, entered into a covenant to comply with its terms, and this covenant ran with the land and became obligatory upon any second company which became the purchaser" of the property. Only the facts in that case showed an entry by the grantee. A consideration of the Code section and of that decision came before this court in *Alropa Corporation* v. *Pomerance,* 190 *Ga.* 1, 6 (8 S. E. 2d, 62), where it was held: "It will be perceived that while the facts showed acceptance of the deed by the grantee, and *entry of possession* of the land by the grantee by constructing and maintaining the railroad on the right of way so granted, the language of the decision by this court went so far as to say 'the grantee, by accept-

ing such deed, entered into a covenant to comply with its terms,' omitting express reference to the additional matter of *entry of possession thereunder*. When the legislature went to deal with the matter as in the Code, § 29-102, it could have stopped with the language, 'when a grantee *accepts a deed,*' he will be bound, etc., as the decision of this court declared in effect; but the legislature did not stop there. It added, 'and enters thereunder,' etc., thus declaring the whole principle that the facts of the case involved. The purport of the statute was to put in the mouth of the grantee, by implication, a promise not expressed nor signed by him, but with the qualification that he 'enters thereunder.' These qualifying words can not be written out of the statute, but must be given effect. If they could be written out of the statute, the preceding words which they qualify, 'when a grantee accepts a deed,' could just as well be written out. If either were excluded, it would obviously defeat the legislative design. The qualifying words refer to entry of actual possession of the land, as was the fact in the *Reeves* case that called forth the enactment. On proper construction of the Code, § 29-102, applied to the instant case, there was no binding covenant in the deed . . that the grantee should pay the debt." The *Pomerance* decision was thus specifically based on a construction of the statute, rather than on any principle of the common law as adjudicated or construed in that case or in the *Reeves* decision. That such was the purport of the majority holding was also recognized by the minority opinion: "From what is said in the prevailing opinion it seems that, except for section 29-102, the majority would unquestionably hold, on general common-law principles relating to contracts, that acceptance of the deed without more would be sufficient to bind the grantee." Accordingly, as to any previous decision by this court, there is no contrariety between the pleaded common-law rule as interpreted in Florida and the common law so far as it has been construed in this State; but contrariety exists solely by reason of the Georgia statute, which would not control this Florida transaction.

■ While there appears to be a variance in case and text authority as to whether a mere acceptance by the grantee of a deed, reciting his assumption of a mortgage, will render him liable to the mortgagee, not only the unqualified rule as stated by this court in *Georgia Southern Railroad* v. *Reeves,* supra, but the weight

of general authority, seems to accord with the leading Florida decision, Brownson *v.* Hannah, 93 Fla. 223 (111 So. 731, 51 A. L. R. 976), that the acceptance of the instrument by the grantee renders him "as effectually bound by [the] deed as though it was an indenture deed inter partes." See Trotter *v.* Hughes, 12 N. Y. 74 (62 Am. D. 137); Midland R. Co. *v.* Fisher, 125 Ind. 19 (24 N. E. 756, 8 L. R. A. 604, 606, 21 Am. St. R. 189); Beeson *v.* Green, 103 Iowa, 406 (72 N. W. 555); Eppes *v.* Thompson, 202 Ala. 145 (79 So. 611); Peoples Savings Bank *v.* Jordan, 200 Ala. 500 (76 So. 442, 444); Huyler *v.* Atwood, 26 N. J. Eq. 504; Hendricks *v.* Brooks, 80 Kan. 1 (101 Pac. 622, 133 Am. St. R. 186); Thompson on Real Property, § 1200; Tiffany on Real Property (3d ed.), § 848; 14 Am. Jur. 483, § 4; 15 C. J. 1211, § 5; and cit.

■ Where, as under the common law, a grantee accepts a deed, and thereby, without the necessity of an entry, becomes bound by the covenants therein, and the instrument is under seal, the period of limitation, as in a case of both entry and acceptance under the statute, in a suit for a breach of the covenant, is twenty years. *Skeen* v. *Glower,* 174 *Ga.* 510 (162 S. E. 917); *Kytle* v. *Kytle,* 128 *Ga.* 387 (3), 392 (57 S. E. 748); *Brice* v. *National Bondholders Cor.,* 187 *Ga.* 511 (2), 514 (1 S. E. 2d, 426); *Alropa Cor.* v. *Pomerance,* supra. The deed in question, containing the grantee's assumption of the mortgage, was executed under seal, and it was so recited in the body of the deed. Furthermore, although the notes executed under seal by the mortgagor did not contain a recital that they were executed under seal, the mortgage was so executed, contained such a recital, and contained also a covenant by the mortgagor "for himself and his heirs . . and assigns" to pay the notes and indebtedness and all "encumbrances of every nature on said described property." Accordingly, by reason of both the sealed assumption deed to the grantee, which he accepted, and of the sealed mortgage, which contained the language quoted and which the grantee assumed, the petition against the grantee was not subject to demurrer as showing a bar by the statute of limitations, on the ground that the notes did not recite their sealing, that the transaction was a simple contract in writing, and that the obligations were barred by the lapse of more than six years from the date of their execution.

■ Where, as a part of the transaction in the conveyance of

property, the purchaser assumes 'or agrees to pay debts of the vendor, and the vendor fully performs his obligation in the transaction by making a transfer of valuable property, which was the consideration for the promise, such a transaction does not fall within the statute of frauds, but within an exception thereto, the part performance rendering it a fraud if equitable relief be not granted. *First National Bank* v. *Rountree*, 173 *Ga.* 117 (2), 120 (159 S. E. 658). The fact that the deed, as in this case, contained a provision merely that the property was "subject to mortgages aggregating $18,500, which the grantees assume as part payment for the transfer," would not preclude parol evidence as to what mortgages were included in this assumption, since the transaction was not within the statute of frauds, and since, if the parol evidence conformed to the amount stated in the deed, there would be no contradiction of the terms of the instrument. This is true whether or not the quoted provision as to the outstanding mortgages was sufficient to furnish "a means or key by which the description . . [could] be made certain and definite," as might have been necessary if the transaction had been a contract to sell land, and within the statute of frauds, and the suit had been one for specific performance between the seller and the purchaser. See *Massell Realty Co.* v. *Hanbury*, 165 *Ga.* 534, 544-547 (141 S. E. 653) ; *Trust Co. of Ga.* v. *Neal*, 161 *Ga.* 965 (132 S. E. 385). See also *Case* v. Smith (Fla.), 200 So. 917. Accordingly, the petition was not subject to special demurrer on the ground that the pleaded facts and the quoted language of the assumption deed show that the defendant grantee "did not assume and agree to pay any specified or described mortgage," where the petition alleged that the recorded mortgage and obligation sued on were for $3500, that there was another mortgage for $15,000, that the two mortgages thus aggregated the amount stated in the deed, and these were the obligations which were expressly assumed.

Under the preceding holdings, the court did not err in overruling the demurrer on all grounds.

*Judgment affirmed. All the Justices concur.*