## 18996. WALLACK v. WALLACK.

Submitted June 14, 1955—Decided July 13, 1955.

*Lipshutz, Macey & Franklin,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Sidney Haskins,* contra.

ALMAND, Justice. The plaintiff, Mrs. Arina Marion Wallack, divorced wife of Bernard B. Wallack, sought by an equitable petition to enjoin the defendant from disposing of described personal property, and to recover from him one-half of such property, or in the alternative that she have judgment for $7,400, representing one-half the monetary value of the property. The general demurrer and certain special demurrers of the defendant were overruled. The bill of exceptions assigns error on these rulings, but only the general demurrer is argued by counsel for the defendant, and our review will be confined to the order overruling the general demurrer.

The petition in substance alleged: The plaintiff and defendant married in 1940, and were husband and wife until December 20, 1950, when a total divorce was rendered between the parties in the 44th District Court of Dallas County, Texas. At the time of the divorce both parties were residents of Texas. The divorce decree was rendered on a petition brought by the husband, in which proceeding the wife made no appearance, and filed no answer or other pleading. At the time of the divorce there were of force in the State of Texas valid statutes, one being article 4619 (Vernon's Texas Civil Statutes, 1948), as follows: "All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife; and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved." It was alleged that the plaintiff and the husband had been bona fide residents of Texas for many years, and during their marriage either she or the husband had acquired enumerated articles of personal property, and a savings account of approximately $10,000, which was placed in the Bank of Texas in their joint names, and which was later changed by the husband to his name; that such property was not the separate property of either the wife or the husband; that the

total value of all of said property at the time of the divorce was $14,800; that she had demanded an accounting of the defendant of all the property owned by them at the time of the dissolution of the marriage, which demand had been refused.

■ It is insisted that both parties being residents of this State, and the property involved being movables, the rights of the parties must be determined by the laws of Georgia and not by the laws of Texas. The contention would be correct if the plaintiff had not pleaded the community law of Texas as to the property acquired by the parties during their marriage, and that such property was subject to the laws of that State at the time of the dissolution of the marriage by divorce, which law provides that "all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved." In an action in the courts of this State involving property acquired by the wife while domiciled in another State, her title or interest therein will be determined by the laws of such foreign State, where such laws are properly pleaded and proven. *Ellington* v. *Harris*, 127 *Ga.* 85 (4) (56 S. E. 134, 119 Am. St. R. 320) ; Restatement, Conflict of Laws, § 290. Marsh on Marital Property in Conflict of Laws, p. 141, states: "A claim by a divorced spouse to one-half of certain property acquired by the other spouse, on the ground that it had formerly been community property, is characterized as an issue of marital property and referred to the law of the domicile at the time of acquisition of the property in question."

The community-property law of Texas being pleaded, the rights of the parties as to the personal property involved in this case will be determined by the pleaded statutes of Texas and the construction placed on such statutes by the courts of that State. *Krogg* v. *Atlanta &c. R. Co.*, 77 *Ga.* 202 (2) (4 Am. St. R. 77) ; *Harper* v. *Louisville & Nashville R. Co.*, 141 *Ga.* 558 (81 S. E. 867) ; *Slaton* v. *Hall*, 168 *Ga.* 710 (1) (148 S. E. 741, 73 A. L. R. 891) ; *Motz* v. *Alropa Corp.*, 192 *Ga.* 176 (15 S. E. 2d 237).

■ It is contended that the plaintiff's claim to the community property should have been put in issue in the Texas divorce case, and this not having been done, the plaintiff is concluded on the principles of res adjudicata and estoppel from litigating the ques-

tion of title or ownership of the personal property owned by the parties at the time the divorce was granted.

The petition specifically alleges that the Texas divorce decree made no provision for alimony, nor was any division of property made in the decree. The general rule in the several States, including Texas, where the community-property law is in effect, is that, where community property is not disposed of in a divorce between the parties, or is not referred to in the decree, or put in issue by the pleadings, the former husband and wife become as to such property tenants in common. In Marsh on Marital Property in Conflict of Laws, p. 247, it is stated: "By the law of all the American community states at the present time, an absolute divorce, with no division of property in the decree, makes the spouses tenants in common of the former community property, and the wife can recover one-half thereof from the husband. Hence, she should also be permitted to do so in the common-law state." Under the decisions of the Texas courts in construing the community-property laws of that State, the rule is that a divorce rendered between the parties, without any division being made as to community property, does not bar a subsequent suit by the former wife against the former husband for her undivided share of the property, the parties being tenants in common. See Moor v. Moor, 24 Tex. Civ. App. 150 (255 S. W. 231); Jones v. Frazier (Tex. Civ. App.) 201 S. W. 445, and other authorities in annotation on the subject, "Divorce decree as res judicata in respect of community property," 85 A. L. R. 339. See also Williams v. Williams, 36 Cal. 2d 289 (223 Pac. 2d 248), and the annotation of that case in 22 A. L. R. 2d 724.

The Texas divorce decree, under the allegations of the petition, did not adjudicate the question of title or interest of the plaintiff and defendant in the property in question, and the plaintiff is not barred either by res adjudicata or estoppel by judgment from asserting her claim to the property now owned by them as tenants in common.

■ The divorce decree not disposing of the rights of the parties in the community property, the plaintiff and defendant, upon the dissolution of the marriage, under the allegations of the petition, became tenants in common in the ownership of the property described in the petition. Code § 85-1501 provides that

equity has jurisdiction in cases of partition between tenants in common "whenever the remedy at law is insufficient, or peculiar circumstances render the proceeding in equity more suitable and just." The plaintiff here alleges that the defendant was disposing and threatening to dispose of the property owned in common, and that he is insolvent, and the prayers are for a money judgment and an injunction; and such petition is sufficient to allege reasons for an equitable partition and an accounting, rather than by partition at law. See *Royston* v. *Royston,* 13 *Ga.* 425 (2); *Mayer* v. *Hover,* 81 *Ga.* 308 (1a), 314 (7 S. E. 562); *Cashin* v. *Markwalter,* 208 *Ga.* 444 (1) (67 S. E. 2d 226).

There was no error in overruling the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*