**R. L. KNIGHTEN, Plaintiff-Appellant,**

v.

**CENTURY DODGE, INC. and Chrysler Credit Corporation, Defendants-Appellees.**

No. 78–1951.

United States Court of Appeals, Fifth Circuit.

Dec. 3, 1979.

Robert E. Steele, Jr., Macon, Ga., for plaintiff-appellant.

Almand, Grice & Knight, O. Hale Almand, Jr., Macon, Ga., for Century Dodge.

Jones, Cork, Miller & Benton, Hubert C. Lovein, Jr., Macon, Ga., for Chrysler Credit Corp.

Before COLEMAN, KRAVITCH and HENDERSON, Circuit Judges.

PER CURIAM:

R. L. Knighten filed suit against Century Dodge, Inc. and Chrysler Credit Corp. in the United States District Court for the Middle District of Georgia to recover statutory penalties and attorney's fees for alleged violations of the Truth in Lending Act, 15 U.S.C.A. § 1601 et seq., and Regulation Z promulgated thereunder. 12 C.F.R. § 226.1 et seq. The district court entered judgment in favor of the defendants. We affirm.

Appellant Knighten purchased an automobile from Century Dodge under a retail installment contract. The disclosure statement provided by Century Dodge listed an $8.50 charge for "Tag/Title/Regis." Knighten argues that the fees which were included in this charge were not "individually itemized" in accordance with the requirements imposed by Regulation Z. We disagree with this contention. Our reasons are adequately set out in the decision we have this day rendered in *Downey v. Whaley-Lamb Ford Sales, Inc.*, 607 F.2d 1093 (oral argument heard Oct. 15, 1979).

Knighten also objects to the disclosure by Century Dodge of a $10.00 "documentary fee" under the heading, "Other Charges." This method of disclosure complies with § 226.8(c)(4) of Regulation Z and was approved in *Meyers v. Clearview Dodge Sales, Inc.*, 539 F.2d 511 (5th Cir. 1976). We also reject Knighten's assertion that the components of the documentary fee should have been individually itemized. The judgment of the district court is

AFFIRMED.