## 59377. FORD MOTOR CREDIT COMPANY v. SPANN.

BANKE, Judge.

This is a suit by the appellant to collect the balance due under a "Georgia Automobile Retail Installment Contract" which is allegedly in default. The appellee debtor admits missing some monthly installment payments but denies being in default. She contends that the finance charge imposed by the contract is uncollectable because it is in excess of that allowed under the Georgia Motor Vehicle Sales Finance Act (Code Ann. § 96-1001 et seq.) and thus concludes that at the time the debt was accelerated she had already paid more than she was legally obligated to pay. In addition, she has filed a counterclaim to collect damages for alleged violations of the Federal Truth-in-Lending Act, 15 USCA §§ 1601 et. seq. This appeal is from a grant of summary judgment in her favor on both the main claim and the counterclaim.

The purpose of the installment loan was to finance the appellee's purchase of a new 1978 Mercury from a car

dealer. The dealer executed the contract on a printed form provided by the appellant and then assigned it to the appellant. This was done as part of a routine business arrangement between the two. The appellee's copy of the contract contains a $25 charge included in the amount financed which is not identified. The appellant's copy, however, has the description, "DOC Fees," typed next to this $25 charge. Through discovery, it was revealed that the "DOC Fees" included a $7.50 charge for license tag, $1 for title, and $3 for a Georgia inspection sticker. The remaining $13.50 was retained by the dealer as compensation for handling the paper work involved in obtaining those items.

The appellee's truth-in-lending claim is based on the fact that the above charges are not itemized as required by §§ 226.4 (b) (4) and 226.8 (c) (4) of Federal Reserve Board Regulation Z. (12 CFR §§ 226.4 (b) (4), 226.8 (c) (4)). These sections require that charges for official fees be itemized if they are to be included in the amount financed rather than the finance charge. The appellant does not dispute that the regulations were violated but contends that the liability belongs to the dealer, since it was the dealer that filled out the forms. *Held:*

1. The record establishes that the contract was on the appellant's printed form, that the appellant approved the terms of the contract before the sale was made, and that the appellant's purchases of such contracts from the dealer constituted an integral part of the dealer's financing plan. Under these circumstances, the dealer must be considered a mere "conduit" in supplying customers to the appellant, and the appellant must be considered a creditor within the meaning of the Truth-in-Lending Act. See Meyers v. Clearview Dodge Sales, Inc., 539 F2d 511, 515 (5th Cir. 1976); Price v. Franklin Inv. Co., 574 F2d 594, 599-602 (D. C. Cir. 1978). This ruling is consistent with the express wording of the contract itself, which contains printed language providing that upon acceptance of the assignment, "Ford Motor Credit Company will become a 'creditor' for purposes of the Truth-in-Lending Act."

2. "[T]he holding that the seller arranged the extension of credit as the 'conduit' of the assignee includes

the conclusion that the assignee exercised sufficient control over the central terms of the contract to be held liable for their nondisclosure." Price v. Franklin Inv. Co., supra at 602. Accord, Meyers v. Clearview Dodge Sales, Inc., supra; Hinkle v. Rock Springs Nat. Bank, 538 F2d 295, 297 (10th Cir. 1976). But see Childs v. Ford Motor Credit Co., 470 FSupp. 708 (N. D. Ala. 1979).

3. The trial court did not err in determining that the finance charge was in excess of that allowed by the Motor Vehicle Sales Finance Act. Code Ann. § 96-1004 (b) provides that the finance charge is to be computed on the "unpaid balance" of the purchase price and requires that the "unpaid balance" be determined "in accordance with Section 226.8 (c) of Regulation Z promulgated by the Board of Governors of the Federal Reserve System pursuant to Title I (Truth-in-Lending Act) and Title V (general provisions) of the Consumer Credit Protection Act (Public Law 90-321, 82 Stat. 146, et seq.), as the same existed upon its becoming effective on July 1, 1969." Section 226.8 (c) (4) of Regulation Z provides that the "unpaid balance" of the purchase prices shall consist of the "unpaid balance of cash price" plus "[a]ll other charges, *individually itemized,* which are included in the amount financed but which are not part of the finance charge." (Emphasis supplied.) 12 CFR § 226.8 (c) (4). The decision in Meyers v. Clearview Dodge Sales, Inc., supra, at 518, makes it clear that under this regulation no charge which is not individually itemized may be included in the unpaid balance. By charging the appellee an additional. $25 without revealing to her what it was for and by then charging a finance charge on this additional amount, the appellant imposed a total finance charge in excess of that allowed by § 96-1004 (a). Consequently, the trial judge was correct in ruling that the entire finance charge was forfeited under § 96-1008 (b). See *Cook v. First Nat. Bank,* 130 Ga. App. 587, 588 (203 SE2d 870) (1974); *Smith v. Society Nat. Bank,* 143 Ga. App. 370, 371 (238 SE2d 739) (1977).

4. The trial court was also correct in ruling that because the appellee was not legally obligated to pay the finance charge she was not in default. The total finance charge specified in the contract was $1,753.95. The total

of payments was $7,235.52. After deducting the $1,753.95 finance charge, the total due becomes $5,481.57. At the time of acceleration, appellee had paid $753.96, thus reducing the balance to $4,727.61. However, at that point, there were 41 months remaining on the contract, or 41 payments of $150.74 each, for a total of $6,180.34. Thus, at the time of acceleration, the future payments due under the contract exceeded the amount of the remaining indebtedness. Under these circumstances, the debtor cannot be held in default. See *Harrison v. Goodyear Svc. Stores,* 137 Ga. App. 223 (223 SE2d 261) (1976); *Smith v. Society Nat. Bank,* 143 Ga. App. 370, supra. Thus, the trial court did not err in ruling that the indebtedness could not be accelerated.

5. Because acceleration was improper under the above analysis whether or not the appellee's truth-in-lending damages are applied as a set off against the indebtedness, the appellant's contention that truth-in-lending damages may not be set off against an indebtedness to avoid a default is moot. See generally 15 USCA § 1640 (b); *First Citizens Bank &c. Co. v. Owings,* 151 Ga. App. 389 (1) (259 SE2d 747) (1979).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

Argued February 4, 1980 — Decided February 20, 1980.

*Morton P. Levine, Burgess W. Stone,* for appellant. *W. A. Lockette,* for appellee.

