In the Matter of James W. FERRIS, Jr.
and Pamela D. Ferris, Debtors.

CHRYSLER CREDIT CORPORATION,
Appellant,

v.

James W. FERRIS, Jr., Pamela D.
Ferris, and Jack K. Berry,
Trustee, Appellees.

Adv. No. 183–0021.

Civ. A. No. CV184–45.

United States District Court,
S.D. Georgia,
Augusta Division.

Sept. 11, 1984.

John B. Long, Augusta, Ga., for debtors.

William A. Trotter, III, Augusta, Ga., for
Chrysler.

## ORDER ON APPEAL

BOWEN, District Judge.

The captioned case is on appeal from the order and judgment entered by the bankruptcy judge on June 23, 1983. Jurisdiction over such matters is vested in the United States District Court pursuant to 28 U.S.C. § 1334 and Title IV, § 405(c) of the Bankruptcy Reform Act of 1978.

This bankruptcy appeal presents the issue which is broadly stated as whether a motor vehicle finance contract which includes documentary fees which are not specifically itemized is violative of the applicable provisions of Georgia law. In his opinion of June 23, 1983, the bankruptcy judge held that the inclusion of such fees by a dealer in a contract which was assigned to the appellant violated Georgia law and required the lender's forfeiture of all finance charges provided for in the contract. The bankruptcy judge conducted an evidentiary hearing after which he correctly declined to modify or expand his findings of fact. To some extent, the "Findings of Fact" enumerated by the bankruptcy judge summarized portions of the testimony and do not fully and specifically state his assessment thereof, but they are sufficiently clear to indicate the reasons for his ruling. Where the bankruptcy judge has recited a summary of the testimony, it appears that he has taken it as true because, in those instances, the testimony is undisputed. Accordingly,

I consider his reiteration of portions of testimony to be findings of fact.

In this factual situation, the dealer-prepared motor vehicle finance contract required the purchaser/borrower to pay a "doc (documentary) preparation" fee of $30.00 in addition to the cash price of the car and the finance charge. The cash price is clearly stated, the finance charge is the maximum, and the "doc preparation" fee, if impermissible, is an excessive finance charge. The dealer regularly and frequently prepared the motor vehicle finance contracts in question and assigned them to the lender appellant. None of the "doc preparation" fee was transmitted to the lender when the contract was assigned. The bankruptcy judge correctly, if implicitly, concluded that the dealer is the authorized agent of the lender for the purpose of preparing the contract to be assigned to the lender. The dealer did not charge "doc preparation" fees in all of its transactions (presumably for cash) with government agencies and other dealers. Thus, it appears that the "doc preparation" fee was regularly and consistently charged only in *credit* transactions.

■ Similar fact situations have been addressed by different courts with results which are not altogether uniform. This case presents a question entirely of Georgia law and its application. The most reliable exponent of the Georgia law on the subject is the Georgia Court of Appeals which has decided the issue in favor of the appellees. *Ford Motor Credit Co. v. Spann*, 153 Ga.App. 535, 265 S.E.2d 863 (1980). In this appeal, the "doc preparation" fee clearly was an arbitrary figure which subsumes charges such as notarial fees, title certificate application fees, and some of the dealer's general overhead or cost of operation which are impossible to itemize. The Court of Appeals of Georgia has unambiguously stated that anything which is included as a documentary charge or fee in a contract subject to the Motor Vehicle Sales Finance Act (MVSFA), Ga. Code Ann. §§ 10–1–30 to –38 (1982), must be specifically itemized. "[U]nder this reg-

ulation no charge which is not individually itemized may be included in the unpaid balance." *Ford Motor Credit Co. v. Spann*, 153 Ga.App. at 537, 265 S.E.2d 863.

Here, the "doc preparation" fee entry of $30.00 is not capable of itemization; it includes at least $16.56 of general overhead or "cost of doing business" for the dealer. The "doc preparation" fee is just another way of extracting a few more dollars from a borrower in a regulated credit transaction. The courts of Georgia have consistently denounced such practices. The contract includes a charge which cannot be itemized and which, by any fair construction, must be considered an impermissible finance charge. The relatively small amount does not render the charge *de minimis*. The fee was regularly and consistently required in credit transactions. If there were a thousand such fees, the dealer would net at least $16,560.00.

The forfeiture method which is expressed in the judgment of the bankruptcy court is correct.

■ Also addressed in this appeal is the question of the jurisdiction of the bankruptcy court to entertain the issues presented by the complaint of the debtor and trustee appellees. In recent times, virtually every creditor faced with an unfavorable factual or legal position in a bankruptcy matter has questioned the jurisdiction of the bankruptcy judge because of the Supreme Court opinion in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1980), and its progeny. The appellant defendant, however, neither pled nor raised the jurisdictional issue until its appeal to this Court. Also, this appellant defendant filed its claim in the bankruptcy court seeking to recover its principal and finance charges from the debtor appellee. The complaint of the debtor and the trustee is truly in the nature of a counterclaim and, for purposes of a "set-off," could have been raised by a simple objection to the claim of the defendant appellant. Because the appellant filed its claim, the subject matter of this case cannot be termed a "related proceeding" as defined in subpara-

graph (d)(3)(A) of the Emergency Resolution promulgated December 24, 1982, as amended, for the handling of bankruptcy matters in this district. The claim of Chrysler Credit Corporation was filed Jan. 3, 1983, as a secured claim and was allowed in the amount of $843.73. (*See* supplement to the record on appeal forwarded to the court by order of the bankruptcy judge dated June 4, 1984.) The bankruptcy judge clearly had jurisdiction and the duty to decide the matter between the parties.

The holdings of the bankruptcy judge and this district court may appear inconsistent with truth-in-lending cases, decided by the Fifth and Eleventh Circuit Courts of Appeal, concerning the validity or permissibility of unitemized documentary fees. However, this case is distinguishable from *Knighten v. Century Dodge, Inc.*, 607 F.2d 1096 (5th Cir.1979) and *Wallace v. Brownell Pontiac-GMC Co., Inc.*, 703 F.2d 525 (11th Cir.1983), because it involves the application of the Georgia MVSFA, not the Truth-In-Lending Act. In this appeal, I must follow the persuasive precedent and authoritative statement of Georgia by the Georgia Court of Appeals.

Upon the foregoing considerations IT IS HEREBY ORDERED that the decision of the bankruptcy judge expressed in his opinion and the judgment of June 23, 1983, is AFFIRMED.