JAMES C. HILL, Circuit Judge:
Appellant/creditor Chrysler Credit Corp. appeals from an order of the bankruptcy court, affirmed by the district court, which held that a $30 charge for “doc. preparation” in an automobile finance contract constituted part of the finance charge (rather than the unpaid balance) in the contract, and thus that the creditor had imposed an excessive interest charge in violation of the Georgia Motor Vehicle Sales Finance Act (MVSFA), O.C.G.A. § 10-1-30 et seq. We reverse, holding that there has been no violation of the MVSFA.
I. FACTS
Appellee/debtor Ferris purchased an automobile, on credit, from Bob Maddox Dodge in 1978. The automobile finance contract included a $30 charge for “doc. *1477 preparation,” which was added to the unpaid balance on the loan as an “other charge.” This document preparation fee apparently was to cover the cost of an envelope in which to place the contracts, the cost of keeping a record of the key numbers so that duplicate keys could be obtained, the cost of notarizing certificates of origin or certificates of title in order to transfer the titles, certain costs incident to obtaining replacement certificates of title when titles are lost on trade-ins, and general overhead expenses. This finance contract was subsequently assigned to appellant/creditor Chrysler Credit Corp.
At the time this contract was entered into, the maximum finance charge that could be computed on a new automobile under the MVSFA was eight percent add-on per year. The contract, as written, complied with this statute.
In November, 1982, Ferris filed a voluntary Chapter 13 petition in bankruptcy court. Chrysler Credit filed its proof of claim based on the automobile finance contract. Ferris then commenced an adversary proceeding against ¡Chrysler Credit in bankruptcy court, allegmg that Chrysler Credit had violated the MVSFA by charging an excessive finance charge.
A trial was held in the bankruptcy court. At trial, the secretary of Bob Maddox Dodge testified that the dealer charged the $30 document fee to all consumer purchasers, whether for cash or credit, although the fee was not charged on sales to other dealers or government agencies. This testimony was not contradicted at trial.
The bankruptcy court, feeling itself bound by Ford Motor Credit Co. v. Spann, 153 Ga.App. 535, 265 S.E.2d 863 (1980), concluded that the document preparation fee had been added to the unpaid balance in the finance contract in violation of the MVSFA, since the various components of the fee were not individually itemized on the contract. Thus, the court deducted the $30 charge from the unpaid balance and added it to the finance charge, with the result that the maximum finance charge permitted by the MVSFA was exceeded by $16.56. Chrysler Credit was thus barred from recovering any of the finance charge on the contract.
The district court affirmed, 42 B.R. 374 (S.D.Ga.1984), again relying on the Spann decision. The court noted that the result appeared inconsistent with Fifth and Eleventh Circuit cases under the Truth-in-Lending Act (TILA) concerning the permissibility of unitemized documentary fees, but felt that it had to follow the Georgia precedent {Spann) in applying the MVSFA. In reaching its conclusions, the court stated that, “[t]he dealer did not charge ‘doc preparation’ fees in all of its transactions (presumably for cash) with government agencies and other dealers. Thus, it appears that the ‘doc preparation’ fee was regularly and consistently charged only in credit transactions.” 42 B.R. at 375.
II. DISCUSSION
A. Bankruptcy Court’s Jurisdiction over Debtor’s Adversary Proceeding
Initially, we are faced with appellant’s argument that the bankruptcy court lacked subject matter jurisdiction over the debtor’s MVSFA claim. It contends that the debtor’s claim is a “related proceeding” unconnected to and independent from the bankruptcy proceeding which, under the Emergency Bankruptcy Rule (Interim Rule)[1] adopted by the U.S. District Court for the Southern District of Georgia on December 24, 1982, should have been brought in Georgia state court. See Interim Rule 1f (d)(3).
The district court held that the debtor’s complaint was in the nature of a counterclaim against the claim filed by Chrysler Credit, and thus was not a “related proceeding.” 42 B.R. at 375-76; see Interim Rule 1) (d)(3)(A) (“Related proceedings do not include ... counterclaims by the estate *1478 in whatever amount against persons filing claims against the estate”). We agree. Furthermore, assuming arguendo that this was a “related proceeding,” the district court complied with the Interim Rule by conducting de novo review and arriving at an independent judgment of the issues involved. See Interim Rule ([ (d)(3)(B), (e)(2)(A)(iii), (e)(2)(B); Moody v. Amoco Oil Co., 734 F.2d 1200, 1209-10 (7th Cir.), cert. denied, — U.S. -, 105 S.Ct. 386, 83 L.Ed.2d 321 (1984).
B. Alleged MVSFA Violation
The Georgia MVSFA limits the finance charge that may be imposed on a motor vehicle installment sales contract entered into in Georgia. See O.C.G.A. § 10-l-33(a). Section 10-l-33(b) provides that the finance charge is to be computed on the “unpaid balance” of the purchase price, and requires that the “unpaid balance” be determined
in accordance with Section 226.8(c) of Regulation Z promulgated by the Board of Governors of the Federal Reserve System pursuant to Title I (Truth in Lending Act) and Title V (General Provisions) of the Consumer Credit Protection Act (Public Law 90-321, 82 Stat. 146 et seq.), as the same existed upon its becoming effective on July 1, 1969.
O.C.G.A. § 10 — 1—33(b); see Ford Motor Co. v. Spann, 153 Ga.App. 535, 265 S.E.2d 863, 865 (1980). Section 226.8(c)[2] of Regulation Z does not specifically refer to a document preparation fee, but it does provide that the “unpaid balance” of the purchase price shall consist of the “unpaid balance of cash price,” plus “[a]ll other charges, individually itemized, which are included in the amount financed but which are not part of the finance charge.” 12 C.F.R. § 226.-8(c)(4) (1970); Spann 265 S.E.2d at 865.
Appellant Chrysler Credit contends that the specific components of a document preparation fee do not need to be individually itemized to be included in the unpaid balance of the loan as an “other charge” under Regulation Z and the MVSFA, citing to Fifth and Eleventh Circuit TILA cases interpreting section 226.8(c)(4) of Regulation Z. Appellee Ferris replies that, regardless of the federal courts’ construction of the TILA, the Georgia courts have interpreted the MVSFA to require individual itemization of the components in the present situation, citing to Ford Motor Co. v. Spann, 153 Ga.App. 535, 265 S.E.2d 863 (1980).
In TILA cases, binding precedents establish that, pursuant to section 226.8(c)(4), a document preparation fee (or other similar charge) which is not a part of the finance charge may be included in the unpaid balance in a finance contract if separately disclosed as an “other charge;” and that *1479 further itemization of the specific components of the documentary fee is unnecessary. Wallace v. Brownell Pontiac-GMC Co., 703 F.2d 525, 528 (11th Cir.1983); Knighten v. Century Dodge, Inc., 607 F.2d 1096, 1097 (5th Cir.1979); Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir.1979); cert. denied, 446 U.S. 939, 100 S.Ct. 2161, 64 L.Ed.2d 793 (1980). Meyers v. Clearview Dodge Sales, Inc., 539 F.2d 511, 519 (5th Cir.1976), cert. denied sub nom., Chrysler Credit Corp. v. Meyers, 431 U.S. 929, 97 S.Ct. 2633, 53 L.Ed.2d 245 (1977).
In Spann, 265 S.E.2d 863, the consumer purchaser’s copy of an automobile finance contract contained a $25 charge, included in the amount financed, which was not identified at all. In fact, the charge was a documentary fee, which included license, title, and inspection fees and compensation for certain paperwork involved in obtaining these items. The Georgia Court of Appeals held that the seller violated the MVSFA in that the $25 was included in the unpaid balance “without revealing to [the purchaser] what it was for.” Id. at 865. In so holding, the court cited Meyers, 539 F.2d 511, with approval. Id.
The bankruptcy and district courts incorrectly interpreted the Spann case as requiring individual itemization of each specific component of a documentary fee. In our view, the Georgia court’s interpretation of the MVSFA in Spann is entirely consistent with our interpretation of the TILA in Meyers, Knighten, Layfield, and Wallace: a TILA or MVSFA violation occurs if the document preparation fee is added to the unpaid balance of the purchase price without any identification or explanation of the fee; but there is no violation under section 226.8(c)(4) if the charge is identified in the contract as a “document preparation” fee.[3]
In the present case, the “doc. preparation” fee, explicitly identified as such and added to the unpaid balance of the purchase price as an “other charge,” was not a finance charge, since it was charged to all consumer purchasers (both cash and credit).[4] Therefore, the automobile finance contract complied with section 226.8(c) of Regulation Z of the TILA, and thus with the Georgia MVSFA.
The decision of the district court granting judgment to the debtor Ferris in the amount of $2185.89 is REVERSED.

. The Interim Rule was recently held constitutional by this court in In re Committee of Unsecured Creditors of FS Communications Corp., 760 F.2d 1194 (11th Cir.1985). The history of the Interim Rule is described in White Motor Corp. v. Citibank, N.A., 704 F.2d 254, 256-57, 261-64 (6th Cir.1983).

. Section 226.8(c) of Regulation Z as it existed on July 1, 1969, 12 C.F.R. § 226.8(c) (1970), provides that:
(c) Credit sales. In the case of a credit sale, in addition to the items required to be disclosed under, paragraph (b) of this section, the following items, as applicable, shall be disclosed:
(1) The cash price of the property or service purchased, using the term “cash price.”
(2) The amount of the downpayment itemized, as applicable, as downpayment in money, using the term "cash downpayment,” downpayment in property, using the term "trade-in” and the sum, using the term “total downpayment.”
(3) The difference between the amounts described in subparagraphs (1) and (2) of this paragraph, using the term "unpaid balance of cash price.”
(4) All other charges, individually itemized, which are included in the amount financed but which are not part of the finance charge.
(5) The sum of the amounts determined under subparagraphs (3) and (4) of this paragraph, using the term "unpaid balance.”
(6) Any amounts required to be deducted under paragraph (e) of this section using, as applicable, the terms “prepaid finance charge” and "required deposit balance,” and, if both are applicable, the total of such items using the term “total prepaid finance charge and required deposit balance.”
(7) The difference between the amounts determined under subparagraphs (5) and (6) of this paragraph, using the term "amount financed.”
(8) Except in the case of a sale of a dwelling:
(i) The total amount of the finance charge, with description of each amount included, using the terms "finance charge,” and
(ii) The sum of the amounts determined under subparagraphs (1), (4), and (8)(i) of this paragraph, using the term "deferred payment price.”

. Without deciding, we suggest there may be an alternate ground for reversing. A Georgia statute (the MVSFA) defines and governs the claim, and the rule is that we look to the state court for the meaning of a state statute. However, the Georgia legislature elected to define “unpaid balance” in the MVSFA by the meaning of a federal regulation promulgated pursuant to a federal law. If the Georgia Court of Appeals had, in Spann, interpreted the federal regulation contrary to our reading of the same federal regulation in Wallace, Knighten, Layfield and Meyers, would we be bound to adopt its interpretation because we are deciding a Georgia case? We are not persuaded that we should. While the Georgia courts are entitled to our deference in the interpretation of Georgia law, we are at least as competent to interpret section 226.8(c) of Regulation Z as they are. It seems that, where two courts are required to interpret the same law, Georgia courts are unwilling to defer to an interpretation, different from theirs, by a court of a sister jurisdiction. See Motz v. Alropa Corp., 192 Ga. 176, 15 S.E.2d 237, 238 (1941); Slaton v. Hall, 168 Ga. 710, 715-17, 148 S.E. 741 (1929); see also Frank Briscoe Co. v. Georgia Sprinkler Co., 713 F.2d 1500, 1503 (11th Cir.1983). Similarly, we might be unwilling to defer to a Georgia court’s interpretation of a federal regulation contrary to our interpretation.
Inasmuch as we find no conflict between ourselves and the state court in the interpretation of the federal regulation, we need not belabor this intriguing situation.

. The district court finding that the "doc. preparation” fee was charged only in credit transactions is clearly erroneous. The only evidence in the record is the testimony from the secretary of the Dodge dealer that this fee was charged to all consumer purchasers. Appellee had the burden of proving otherwise and failed to offer any contrary evidence.