76556, 76762. GIBBS v. GREEN TREE ACCEPTANCE, INC.
(two cases).
(373 SE2d 637)

DEEN, Presiding Judge.

On March 24, 1986, the appellant, Teresa Gibbs, executed a retail installment contract for the purchase of a new mobile home from Ray's Mobile Home Sales, Inc., which immediately assigned the contract to the appellee, Green Tree Acceptance, Inc. The contract provided for a cash price of $18,096, $308 for property damage insurance, $10 for title and filing fees, and an unidentified charge for $182, all of which were financed; the specified finance charge was $20,175.40. The payment schedule called for 180 payments of $213.73, beginning May 1, 1986. Virtually from the beginning, Gibbs established a pattern of late payments, usually sending a check that was dated with a future date.

On July 1, 1987, the appellee, by certified mail, gave Gibbs notice of default and right to cure, but this notice was returned to the appellee on July 24, 1987, as undelivered. On August 4, 1987, the appellee accepted another late payment of $214 from Gibbs. In early September 1987 Gibbs mailed to the appellee another check for $214, dated September 30, 1987. The appellee received this check on September 10, 1987, prompting it to inform Gibbs by letter that the post-dated check was inadequate and that the account had been turned over to its attorney. On September 14, 1987, the appellee filed a petition for a writ of possession pursuant to OCGA § 44-14-230 et seq.

On November 6, 1987, a hearing on the petition was begun, but, upon being informed that Gibbs never received the appellee's notice of default and right to cure sent in July 1987, the trial court continued the hearing for 30 days. Following the aborted hearing on November 6, 1987, however, the appellee moved pursuant to OCGA § 44-14-234 to have Gibbs pay into the court registry $1,125.25 past due under the contract. At the show-cause hearing on November 20, 1987, Gibbs asserted several defenses but presented no evidence, resulting

in the trial court's order for Gibbs to pay the sum requested. Appeal No. 76556 is Gibbs' interlocutory appeal from that order.

The hearing on the merits of the petition for writ of possession resumed on December 18, 1987, and December 23, 1987. On February 12, 1988, the trial court ruled in favor of Green Tree on all of Gibbs' defenses and granted the writ of possession. Appeal No. 76762 is Gibbs' appeal from that final order. *Held*:

1. Appeal No. 76556, the interlocutory appeal from the order requiring Gibbs to pay into the court registry past due amounts under the contract, was rendered moot by the subsequent entry of final judgment in favor of Green Tree on the merits of the petition for writ of possession. See *Dein v. Citizens Jewelry Co.*, 149 Ga. App. 340 (254 SE2d 403) (1979). Accordingly, it is dismissed.

2. During the final hearing, Green Tree's loan service manager testified that the company usually sold the security agreements it held to a large investment pool, but he had no specific knowledge of the company's handling of this particular security agreement. In response to that testimony, Gibbs moved to dismiss the action on the basis that Green Tree was not the real party at interest, pursuant to OCGA § 9-11-17. As was the trial court, we are unpersuaded by Gibbs' argument, which was supported not by real evidence but only by an assumption.

3. Gibbs also contends that the history of her payments on the installment loan, i.e., her late payments always accepted by Green Tree until September 10, 1987, demonstrated a mutual departure from the original terms of the contract, which obligated Green Tree to give her a "reasonable notice . . . of intention to rely on the exact terms of the agreement" under OCGA § 13-4-4. However, Gibbs herself testified at the hearing that by sending in checks bearing a future date she had intended to comply with the contractual terms, not deviate from them. This evidence supported the trial court's finding that Green Tree had no duty to notify Gibbs of its intention to return to the original contract terms, because no mutual departure from the contractual terms occurred.

4. Gibbs contends that judgment for Green Tree was error because Green Tree had never given her 30 days' notice of default and right to cure, pursuant to OCGA § 7-4-3 (b) (1), which adopts the "contract provisions required by subsection (c) of Section 501 of the Depository Institutions Deregulation and Monetary Control Act of 1980, Public Law 96-221 (12 U. S.C. 1735f-7, notes)." That subsection (c) required, in part, "a 30-day notice prior to instituting any action leading to repossession or foreclosure (except in the case of abandonment or other extreme circumstances . . .") In this case, upon discovering at the first hearing scheduled that Gibbs was not afforded 30 days' notice of default and right to cure by the unreceived notice sent

by Green Tree in July 1987, the trial court allowed Green Tree to give Gibbs such notice in court and then suspended the final hearing until 30 days had passed. The trial court declined to dismiss the action, on the grounds that the continuance would simultaneously protect Gibbs' notice rights and prevent the unnecessary delay and expense that would result from requiring Green Tree to commence a new action. We find no harmful error in this fair and economical procedure.

5. Part of the unpaid balance financed was a Veterans Administration funding fee of $182. However, on the actual sales contract, this $182 fee was listed but not identified. Gibbs contends that this unidentified charge violated OCGA § 10-1-33 (b) of the Motor Vehicle Sales Financing Act (MVSFA), and should result in the forfeiture of the entire finance charge, which in turn would have eliminated the default. See *Ford Motor Credit Co. v. Spann*, 153 Ga. App. 535 (265 SE2d 863) (1980).

The MVSFA generally is applicable to the sale of mobile homes. *Holder v. Brock*, 129 Ga. App. 732 (200 SE2d 912) (1973). OCGA § 10-1-33 (a) establishes finance charge limitations on such sales, but OCGA § 7-4-3 (a) provides that where the cash sale price of a mobile home exceeds $3,000, the sales contract may impose any finance charge that is agreed upon in writing by the parties, notwithstanding the provisions of OCGA § 10-1-33 (a) through (c). *Southern Guaranty Corp. v. Doyle*, 256 Ga. 790 (353 SE2d 510) (1987). Had the cash sale price of the mobile home in this case been under $3,000, with finance charge limitation in effect, determination of whether the components of the unpaid balance were sufficiently identified, so as not to render the finance charge in excess of the limitations established by OCGA § 10-1-33 (a), would have been pertinent. It is the violation of a finance charge limitation that requires forfeiture of the entire finance charge under OCGA § 10-1-38 (b). See *Ford Motor Credit Co. v. Spann*, supra. However, where there are no finance charge limitations, as in the instant case, obviously no violation of a finance charge limitation can occur, and forfeiture of the entire finance charge is inappropriate. The trial court thus properly found that Gibbs was in default and that Green Tree was entitled to a writ of possession.

*Appeal dismissed in Case No. 76556. Judgment affirmed in Case No. 76762. Sognier, J., concurs. Carley, J., concurs in Divisions 1, 2, 4 and 5 and in the judgment.*

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED OCTOBER 3, 1988.

*Nadine D. Bailey, Paul E. Kauffmann, Phyllis J. Holmen, John L. Cromartie, Jr.*, for appellant.

636

*David M. Wolfson*, for appellee.