**Lillie B. COWAN, Plaintiff–Appellant,
Counter–Defendant,**

v.

**MILES RICH CHRYSLER–PLYMOUTH,
Defendant–Appellee,
Counter–Claimant.**

No. 88–8828.

United States Court of Appeals,
Eleventh Circuit.

Sept. 29, 1989.

Ralph S. Goldberg, Atlanta, Ga., for plaintiff-appellant, counter-defendant.

Stanley William Levitt, Michael Alan Dominy, Jackson, Tyler and Chofnas, Atlanta, Ga., for defendant-appellee, counterclaimant.

Before RONEY, Chief Judge, JOHNSON, Circuit Judge, and YOUNG *, Senior District Judge.

* Honorable George C. Young, Senior U.S. District Judge for the Middle District of Florida, sitting    by designation.

**GEORGE C. YOUNG, Senior District Judge:**

Appellant, Lillie B. Cowan, appealed from the district court's order entering summary judgment in favor of Appellee, Miles Rich Chrysler–Plymouth, on Cowan's complaint against Miles Rich Chrysler–Plymouth for alleged violations of the Federal Truth in Lending Act [TILA], 15 U.S.C. § 1601 *et seq.*, and the Georgia Motor Vehicle Sales and Finance Act [MVSFA], O.C.G.A. § 10–1–30 *et seq.* However, the MVSFA claim is the only issue presented by Appellant's brief and oral argument.

## I. STATEMENT OF THE CASE

In February of 1987, the parties entered into a transaction in Georgia whereby Appellant agreed to purchase a 1982 Buick from Appellee for $4,665.71. The "total cash price" to be paid for the automobile was $5,003.95. The total cash price included a $79.00 documentation fee, as well as sales tax, a tag and title fee, and a service contract fee.[1] Appellee made a $1,200.00 down payment on the vehicle and Appellant extended credit for the balance.

It is undisputed that the $79.00 documentation fee is imposed by Appellee on all retail customers purchasing vehicles, whether the sale is on cash or credit terms. In addition, it is undisputed that the $79.00 documentation fee was itemized on Appellant's sales invoice but not on her retail sales installment contract.[2]

Appellant filed a complaint which set forth two counts. In the first count, Appellant alleged that Appellee violated the TILA by understating the finance charge by $72.00,[3] and also understated the annual percentage rate, which is based on the finance charge. In Count Two, Appellant alleged that Appellee violated the MVSFA by charging more than is allowed by O.C.G.A. Section 10–1–33(a) ["MVSFA Claim"]. Both parties filed motions for summary judgment. The district court granted summary judgment in favor of Appellee on Appellant's TILA claim, finding that the documentation fee could not be considered as part of the finance charge because Appellee charged the fee on all transactions, whether cash or credit. The district court also granted summary judgment in favor of Appellee on Appellant's MVSFA claim, finding that the itemization of the fee on the invoice satisfied the disclosure requirements of the MVSFA.

Appellant challenges the district court's order insofar as it granted summary judgment on Appellant's MVSFA claim. We agree with the district court's interpretation and application of the provisions at issue and therefore affirm the district court's entry of summary judgment in favor of Appellee.

## II. DISCUSSION

A district court's entry of summary judgment is subject to *de novo* review. *Complete Concepts, Ltd. v. General Handbag Corp.*, 880 F.2d 382 (11th Cir.1989). We typically accord deference to a district court's interpretation of the law of the state in which it sits. *Red Diamond Supply, Inc. v. Liquid Carbonic Corp.*, 637 F.2d 1001 (5th Cir.), *cert. denied*, 454 U.S. 827, 102 S.Ct. 119, 70 L.Ed.2d 102 (1981).

### *MVSFA Claim*

Georgia's MVSFA adopts the definition of "unpaid balance" set forth in Section 226.8(c) of Regulation Z, as that section existed on July 1, 1969.[4] Section 10–1–33

---

1. The total cash price also included an unspecified $5.00 fee.

2. The retail sales installment contract served as the TILA disclosure statement.

3. The complaint placed the amount of the fee at $72.00. Upon review of the exhibits, the district court found that the amount actually set forth in the sales invoice was $79.00.

4. Regulation Z has been substantially amended since 1969.

of the MVSFA provides, in pertinent part, as follows:

(a) [T]he finance charge ... shall not exceed ... $17.00 per $100.00 [financed] per year.

(b) Such finance charge shall be computed on the unpaid balance on contracts payable in successive monthly payments substantially equal in amount. [T]he term "unpaid balance" shall be determined in accordance with Section 226.8(c) of Regulation Z ... as the same existed upon its becoming effective on July 1, 1969.

The incorporated federal provision, Section 226.8(c), provides:

(c) *Credit sales.* In the case of a credit sale, in addition to the items required to be disclosed under paragraph (b) of this section, the following items, as applicable, shall be disclosed:

(1) The cash price of the property or service purchased, using the term "cash price."

(2) The amount of the downpayment itemized, as applicable, as downpayment in money, using the term "cash downpayment," downpayment in property, using the term "trade-in" and the sum, using the term "total downpayment."

(3) The difference between the amounts described in subparagraphs (1) and (2) of this paragraph, using the term "unpaid balance of cash price."

(4) *All other charges, individually itemized, which are included in the amount financed but which are not part of the finance charge.*

(5) The sum of the amounts determined under subparagraphs (3) and (4) of this paragraph, using the term "unpaid balance."

12 C.F.R. § 226.8(c) (1970) (emphasis supplied).

Appellant argues that Section 226.8(c), as incorporated into Section 10–1–33, requires that "other charges," such as the documentation fee in the instant case, be itemized in the disclosure statement. According to Appellant, since the $79.00 documentation fee was not properly itemized, the inclusion of the fee in the unpaid balance figure on which her finance charge was computed resulted in an overcharge under Section 10–1–33.[5] Under Georgia law, the penalty for an overcharge is forfeiture of any finance charge, delinquency, or collection charge on the contract. O.C.G.A. § 10–1–38(b) (1985).

Appellant cites *Meyers v. Clearview Dodge,* 539 F.2d 511 (5th Cir.1976), as the primary support for her argument that the fee must be itemized on the disclosure statement and that charges not so itemized may not be included in the unpaid balance. In *Meyers,* the former Fifth Circuit affirmed the district court's finding that the defendant, a Louisiana car dealership, violated the disclosure requirements contained in Section 226.8(c)(4) of the TILA by failing to itemize its "Documentary Service Fee" in a disclosure statement. The fee had been itemized in a "Retail Buyer's Order" prepared three days prior the execution of the sales contract.

The district court in the instant case agreed with Appellant that under *Meyers* and the clear language of the TILA as it existed at the time *Meyers* was decided, charges not individually itemized on the disclosure statement could not be included in the unpaid balance. The district court distinguished *Meyers,* however, on the basis that *Meyers* interpreted only the TILA and not the MVSFA.[6] The district court

---

**5.** On the sale of a 1982 vehicle in 1987, Appellee was entitled to impose a finance charge at a rate of no more than $17.00 per $100.00 of the unpaid balance. Appellant argues that by including the $79.00 fee in the unpaid balance, Appellee exceeded the maximum finance charge allowed by $42.95.

**6.** The district court found another case cited by Petitioner, *Ford Motor Credit Co. v. Spann,* 153

Ga.App. 535, 265 S.E.2d 863 (1980), to be distinguishable in that the documentation fee in *Spann* was not itemized on either the disclosure statement *or* the sales invoice. *Spann* relies on *Meyers* for purposes of defining the term "unpaid balance," but it does not hold that a documentation fee must be individually itemized on the disclosure statement before it can be included in the unpaid balance.

then concluded that Section 226.8(c) is incorporated by reference into the MVSFA solely for the purpose of defining the term "unpaid balance." [7]

We agree with the district court. The plain language of Section 10–1–33 incorporates Section 226.8(c), as that section existed on July 31, 1969, into the MVSFA solely for the purpose of determining the items that constitute the "unpaid balance" on which a finance charge can be imposed under the MVSFA. Nothing in the MVSFA suggests that the federal regulation controls the location of the disclosure of "other charges." In the instant case, the itemization of the documentation fee on a sales invoice which was executed and delivered the same day as the installment contract clearly satisfies the requirement that the unpaid balance include only individually itemized charges. Accordingly, the district court properly entered summary judgment for Appellee on this claim.

### III. CONCLUSION

For the reasons expressed, the judgment of the district court is

AFFIRMED.

---

**7.** In so holding, the district court noted that its decision is consistent with that of the district court in *Parham v. J.D. Masters*, 3:87–cv–114–GET (N.D.Ga., Feb. 12, 1988). Under virtually identical facts, the court in *Parham* held that the defendant car dealership did not violate the TILA when it itemized a $20.00 "Title and Documentary Fee" on the plaintiff's sales agreement but not on the installment contract.